WESTERN DIS.
*Sept.* 1832.

EASTIN
*vs.*
DUGAT

---

EASTIN *vs.* DUGAT.

4L 397
44 145

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Amendments are admissible at any stage of the case previous to trial, and will always be admitted when they promote justice.

After the defendant has answered, if he becomes the owner of the claims on which suit is pending against him, he may amend his answer and plead confusion of claims; and if he had pleaded any other matter inconsistent with the general issue, it would have been a waiver of that plea only.

But if the defendant omits to plead confusion and lets judgement go, the doctrine of *res judicata* does not apply. He does not thereby lose the benefit of a defence by not profiting by it in time.

The defendant has two remedies, either to plead confusion of claims and pre vent judgement, or if the plaintiff proceeds to judgement and sues out execution, it may be perpetually enjoined.

An injunction will not be dissolved when the facts of the case show that on its dissolution the party will immediately be entitled to another on an application in another form.

This suit commenced by injunction. Dugat, the present defendant, instituted suit, and in May, 1831, recovered judgement against Eastin for three hundred and fifty dollars and costs. But during the pendency of this suit, P. Wartelle &c.

WESTERN DIS.
*Sept.* 1832.

EASTIN
*vs.*
DUGAT.

obtained a judgement against Dugat for        dollars, levied execution on the suit of Dugat against Eastin, and on the 23d of November, 1830, all the right and interest of Dugat in said suit was sold by the sheriff and adjudicated to T. J. Mayfield, for sixty-two dollars.   On the second of May, 1831, Mayfield assigned and transferred it to H. Eastin, who was the defendant.   Eastin now claimed to be the owner of the suit against himself, and let judgement go.   Dugat sued out his execution, and Eastin enjoined it, on the ground that the judgement on which it issued was extinguished by confusion, he being both debtor and creditor.

The defendant in injunction filed his peremptory exception, refusing to answer to the merits.   He states that admitting the allegations to be true, they are insufficient in law to sustain the injunction.   That the claim to the suit transferred to Eastin by Mayfield ought to have been pleaded in the suit while it was pending, and before judgement.   And not having set it up in defence on the trial, he cannot now avail himself of it by injunction.   That judgement having gone against him, it is *res judicata*, and cannot be inquired into in this way.   He prays for a dissolution of the injunction, with interest, costs, and damages.

The District Court gave judgement dissolving the injunction with ten per centum interest, and twenty per centum damages and costs.   The plaintiff in injunction appealed.

*Simon*, for plaintiff.

*Garland*, for the defendant:

1. The injunction cannot be maintained, because at the time of the trial in the court below, the plaintiff in injunction had, from his own showing, all the means of defence that he now claims.   He might have pleaded them in the original suit against him and prevented judgement; but not having done so, he cannot now make them the ground to sustain an injunction.  1 *Mar. N. S.* 71.   8 *Ibid.* 513.

2. The defendant must, in his answer, set forth all his grounds and means of defence, otherwise he cannot avail himself of them after judgement. *C. Pr.* 327.

3. The damages awarded on the dissolution of the injunction are not only authorized, but required by law. It is expressly provided, that in dissolving an injunction the court shall decree ten per centum per annum interest on the judgement enjoined, until paid, and twenty per centum damages, with more if claimed and proved. See *Acts of* 1831, *p.* 102, § 3.

Western Dis.
*Sept.* 1832.

EASTIN
*vs.*
DUGAT.

Martin, J. delivered the opinion of the court.

The petitioner states, that during the pendency of a suit brought by Dugat against Eastin, a judgement creditor of the former, had his claim against Eastin, which was the object of the suit, sold under a *fieri facias*, and it was purchased by Mayfield, who sold it to Eastin. On the second of May last, and on the fourth of the same month, Eastin not having pleaded this purchase, Dugat recovered judgement against him, and soon after sued out an execution. On this, Eastin procured an injunction, alleging that the claim of Dugat, on which judgement had been obtained, had been extinguished by confusion, Eastin, who was the debtor, having since the purchase become the creditor of it. Dugat obtained the dissolution of the injunction, and Eastin appealed.

The appellee has contended, that the injunction was improperly dissolved, as at the time of the trial of the suit in which he obtained the judgement, the appellant was, from his own showing, possessed of the means, if they really existed, of preventing a judgement against himself, and therefore, could not afterwards resort to these means to prevent the execution of the judgement. 1 *Mar. N. S.* 71, *Ibid.* 513.

A defendant must set forth in his answer all his means of defence, otherwise he cannot avail himself of them afterwards. *C. Pr.* 327.

An injunction is a remedial writ and cannot be obtained unless the party applying for it shows he is without any other

EASTIN
vs.
DUGAT.

After the defendant has answered, if he becomes the owner of the claims on which suit is pending against him, he may amend his answer and plead confusion of claims; and if he had pleaded any other matter inconsistent with the general issue, it would have been a waiver of that plea only.

Amendments are admissible at any stage of the cause previous to trial, and will always be admitted when they promote justice.

But if the defendant omits to plead confusion and lets judgement go, the doctrine of *res judicata* does not apply. He does not thereby lose the benefit of a defence by not profiting by it in time.

remedy, and gives some different reason why he cannot be relieved otherwise. *Harrison's Chan. p.* 171.

It is a settled practice in those states of the Union where law and equity courts are separated, and in England, that a bill for an injunction will not be maintained in chancery, unless the party shows he could not defend himself at law. 1 *Hen. & Mun.* 453. 4 *Ibid.* 423. The *Code of Practice* and the *Acts of the Legislature* of 1826, *p.* 170, § 9, and 1828, *p.*150, § 2, prescribe the cases in which injunctions may issue, and the present is not one of them. The party might have amended his answer in the original suit, and have had the benefit of the plea of confusion, if it existed; and if he had pleaded any matter inconsistent with the general issue, it would have been a waiver of that plea only. Amendments are admissible at any stage of the cause previous to the trial, and will always be admitted when they promote its justice.

The doctrine of *res judicata* is not applicable to the present case. The question is not whether the plaintiff has not lost the right of having the benefit of a defence he says he has, by not profiting it in time.

It is true that in the two cases cited from the new series, we held that an injunction could not be obtained to stay the execution of a judgement on the allegation of facts which might have been pleaded before it, and would have prevented its being rendered.

An examination of these cases will show they were decided on principles not applicable to the present.

Dessesart had obtained a judgement in the District Court against Lafon's executors. They obtained an injunction on the ground that the active debts of the testator left nothing for the payment of his legacies. The injunction was dissolved because relief was sought by an attempt to set aside the judgement, by preventing its execution, on the allegation that it had decided the legacy was to be recovered from the executors, while it ought to have decided that it was not, they having no funds of the estate applicable to the payment of legacies. We supported the judgement of dissolution, and

said that if the original judgement was correct, it ought to be executed; if not, it ought to be by one of the means pointed out by law, *i. e.* by an appeal or the action of nullity. 1 *Mar. N. S.* 71.

McMicken obtained judgement against Monroe and others, as sureties of a curator. Monroe obtained an injunction, on the ground that the curator had failed, but on the day of his failure the succession was indebted in a large sum to a firm of which the curator was a member, and that the sureties were then subrogated to the curator's claims against the succession, and that the dividend to which they were entitled, was more than sufficient to satisfy the judgement. There were some other grounds, but this was the prominent one. We again supported the judgement of dissolution, thinking that the time to have presented these matters of defence was before judgement. It is clear that in this, as in the former case, the party sought to avoid the judgement by preventing its execution, without a resort to any legal means pointed out by law to reverse or annul it. 8 *Ibid.* 513.

The present case is widely different from either of the above, in both of which the judgement was alleged to have allowed to the plaintiff what he was not entitled to receive.

In the present case, the facts presented show, that Dugat was the creditor of Eastin for the sum recovered. But that before judgement the claim had been seized and sold by a creditor of Dugat and finally had become the property of Eastin. After the sale of the claim, the purchaser of it might have intervened and prayed to be admitted as a plaintiff, or considering him as his transferree, suffered him to proceed to judgement. Eastin, had he not been the purchaser, might have pleaded the assignment, had divested the plaintiff of his interest, and if he had not formal notice of the assignment, and had wished to have the extent of his debt legally ascertained, considered Dugat as the trustee of the purchaser and suffered him to proceed to judgement.

If, afterwards, Dugat had sought to avail himself of the judgement to the injury of the purchaser, by suing out exe-

cution, he might have been defeated, and his execution set aside, on the allegation and proof of the transfer. He could not have complained of an injunction like the plaintiffs in the preceding cases, as avoiding the judgement by preventing his reaping the benefit of it by other means than those pointed out by law; because the law authorizes a court to set aside an execution irregularly issued; and the transferor of a claim cannot regularly issue an execution on a judgement obtained thereon, even in his own name, to the injury of the trans-

The defendant has two remedies, either to plead confusion of claims and prevent judgement, or if the plaintiff proceeds to judgement and sues out execution, it may be perpetually enjoined.

ferree from whom he has received the price of the claim.

The real difference in these cases is that in the last the matter might be legally available both in preventing the judgement and in setting aside the execution after it was rendered. In the other two, it was available only by plea before judgement to prevent its being rendered, in neither can it avail to attack the judgement.

The circumstance of the purchaser of the claim at the sheriff's sale having transferred it to the debtor, if it can justify the original creditor to receive it twice, once by the satisfaction of his own debt by the price at the sale, and afterwards from the second purchaser.

In those of our sister states in which legal and equitable rights are acted on by different tribunals, the remedy sought in the present suit would be waived as a legal one. The party would have asked for a *supersedeas* to the execution and the setting aside of the execution, in the court which rendered the judgement.

It is true the party appears to have mistaken his remedy. He has spoken of the confusion of the debt and its consequent extinguishment, which ought previously to have been pleaded before judgement. But we have been in the habit of refusing to dissolve injunctions when the facts of the case show that on the dissolution the party will immediately be entitled to another on an application in another form.

An injunction will not be dissolved when the facts of the case show that on its dissolution the party will immediately be entitled to another on an application in another form.

We think the court erred in dissolving the injunction.

It is, therefore, ordered, that the judgement of the District Court be annulled, avoided, and reversed, the injunction

reinstated, the exception of the appellee overruled, and the case remanded for further proceedings, he paying costs in this court.