Eastern Dist.
*March*, 1835.

MAILLAN
*vs.*
PERRON ET UX.

---

### MAILLAN *vs.* PERRON ET UX.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the transferor of a mortgage by private act, afterwards goes before a notary public and two witnesses, with a copy of the act of transfer and acknowledges that the act of which that is a copy was his proper act, with his signature affixed to the original : *Held*, that on presenting this instrument, together with a copy of the act of mortgage, the transferee is entitled to an order of seizure and sale.

Where the tenor of the private act is specially set out in the recognitive act, the production of the primordial title is dispensed with.

Where a mortgage debtor offers certain receipts as evidence of payments made to the assignor of the mortgage, but which bear date more than a year before any payments were due; and he is interrogated on oath by the transferee of the mortgage, to say whether the receipts were not given for money won at play and gambling; and if not, what was the consideration: *Held,* that the party cannot be dispensed by the court from answering; and that the character of the receipts and the circumstances under which they were given should be inquired into.

This suit comes up on an injunction. Perron and wife are the transferees of a mortgage by act under private signature, which Jean Maillan gave on a tract of land in West Baton Rouge, to secure the payment of the balance of the purchase money to J. B. Guidry, his vendor. The act of sale and mortgage is dated the 22d November, 1830. On the 25th October, 1831, Guidry transferred the debt and mortgage on Maillan to Perron and wife, by private act, executed double, and recorded in the parish judge's office in West Baton Rouge. The parties took an authentic copy, and went before a notary public and two witnesses, and on the back of it, the transferor acknowledged the original act under private signature, of which that was a copy, to be his act, with his proper signature affixed.

Upon this act of transfer, and a copy of the mortgage, Perron and wife, as transferees of Guidry, obtained an order of seizure and sale against the land, for eight hundred dollars, the price due.

Maillan obtained an injunction staying the sale. He alleges the transfer of the mortgage is fraudulent and collusive; that he has more than paid the balance, which was eight hundred dollars, due in all the month of March, 1832, as appears by four receipts of Guidry, dated the 9th and one the 10th of February, 1832.

The receipts are four in number and express on the face of them, to be for payments made on account of the land in question, but bear date more than a year before any payment was due. They are endorsed, recorded in the parish judge's

office the 25th April, 1832, seven days after the order of seizure and sale was obtained.

Perron and wife, in answer to the injunction, pleaded a general denial, and that the receipts set up as evidence of payments to their transferor are not binding on them, and that they were obtained through fraud, error and deceit, on the part of said Maillan ; and they were given for gambling and at gambling, and without consideration, and are null and void. They pray that the injunction be dissolved, with damages, expenses and costs.

In a supplemental answer, the defendants propounded interrogatories to Maillan :

1. " Is or not the consideration of the receipts annexed to your petition, for money won at play or gambling ?

2. "If not, state what was the consideration of said receipts."

These interrogatories were ordered to be answered, on oath, in open court, on a day fixed.

The plaintiff objected to answering, on the ground that the interrogatories were irrelevant to the issue ; whereupon, the court ordered that they be set aside and the plaintiff dispensed from answering.

On the trial, the district judge decided, that as no authentic evidence of the transfer of the mortgage was exhibited, the order of seizure and sale was improvidently granted. Judgment, perpetuating the injunction, was rendered, from which, after an unsuccessful attempt to obtain a new trial, the defendants in injunction appealed.

*Hiriart and Ogden,* for the plaintiff.

*Labauve,* for the defendants.

1. The judgment of the District Court is erroneous; the injunction was maintained on a ground not at issue.

2. The granting of the injunction was entirely predicated on the plea and ground of payment, and not on the irregularity of the order of seizure and sale, if any there was ; which payment said Maillan failed to establish in a satisfactory manner, so as to affect Perron and wife.

3. The court below erred in rejecting the interrogatories propounded to Maillan. Receipts can have no more force in law for gambling consideration, than notes for the same consideration.

4. The court below properly rejected the testimony offered to prove B. Guidry's signature, when the subscribing witnesses were in the neighboring parish.

5. This court should reverse the judgment below, dissolve the injunction with the general damages, and special damages proved.

EASTERN DIST.
*March*, 1835.

MAILLAN
*vs.*
PERRON ET UX.

*Bullard, J.*, delivered the opinion of the court.

The defendants and appellants, show for errors in the judgment and proceedings in this case; 1st. That the injunction was sustained on a ground not at issue, it being granted on the allegation of payments made on account of the debt, and not of any irregularity or want of sufficient evidence before the judge in chambers, where the order of seizure was granted; and 2d. That the court erred in rejecting certain interrogatories propounded to the plaintiff, relative to the consideration for which certain receipts were given.

I. The original transfer of the mortgage to the present plaintiff, appears to have been by act under private signature. The transferor afterwards went before a notary public and two witnesses, with a copy of the act of transfer and acknowledged, that the act of which that was a copy, was his proper act, and that his signature is affixed to the original. On presenting this instrument, together with a copy of the act of mortgage, the order of seizure was issued by the judge in chambers. We are of opinion that this instrument furnishes authentic evidence of the transfer, without any proof of the act *sous seing privé.* The tenor of that act is set forth; and according to article 2251 of the Code, the production of the primordial title is dispensed with, whenever the recognitive act specially sets forth its tenor. The effect of the transfer to a third person as it relates to the rights of the debtor, is a distinct question which does not arise in this case.

Where the transferor of a mortgage by private act, afterwards goes before a notary public and two witnesses, with a copy of the act of transfer, and acknowledges that the act of which that was a copy, was his proper act, with his signature affixed to the original : *Held*, that on presenting this instrument, together with a copy of the act of mortgage, the transferee is entitled to an order of seizure and sale.

Where the tenor of the private act is specially set out in the recognitive act, the production of the primordial title is dispensed with.

EASTERN DIST.
March, 1835.

MAILLAN
vs.
PERRON ET UX.

Where a mortgage debtor offers certain receipts as evidence of payments made to the assignor of the mortgage, but which bear date more than a year before any payments were due, and he is interrogated on oath by the transferee of the mortgage, to say whether the receipts were not given for money won at play and gambling; and if not, what was the consideration: *Held*, that the party cannot be dispensed by the court from answering; and that the character of the receipts, and the circumstances under which they were given, should be inquired into.

II. The defendants in their answer allege that certain receipts, given by their assignor, purporting to be for money paid on account of the debt in question, were obtained through fraud, error and deceit, and that they were given for gambling and at gambling. At the time the receipts bear date, no part of the debt in question was due. They are dated February 9th and 10th, 1831, and the second payment fell due in all the month of March, 1832, and the amount overruns that instalment. The court at first ruled the plaintiff to answer on oath, whether the consideration of the receipts was not for money won at play and gambling, and if not what was the consideration; but afterwards, on motion of the plaintiff, rescinded the order and dispensed with his answers. To this, defendants excepted. We think the court erred in declining to inquire into the character of those receipts and under what circumstances they were given. They all bear date more than a year before any part of the money secured by the mortgage was due, and if founded on a gambling consideration, it is at least doubtful whether the law will lend its aid to render them available to the holder, either by direct action or by way of exception.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, that the case be remanded for a new trial, with directions to the court to require the answers on oath of the plaintiff, to the interrogatories annexed to the defendants' answer, and that the plaintiff pay the costs of the appeal.