COMMERCIAL BANK* *vs.* MAYOR ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

COMMERCIAL
BANK
*vs.*
MAYOR ET AL.

Payment or compensation by operation of law, may be pleaded and allowed at the trial, or at any time before judgment, and perhaps even after, on an injunction, when the debt has been extinguished by legal compensation previous to judgment.

The corporation of New-Orleans was entitled to subscribe for and pay in its own bonds, bearing five per cent. interest, payable semi-annually, half a million of stock in the Commercial Bank, and its dividends to be applied to payment of interest on its bonds, etc.: *Held*, that when the bank had to advance the interest, before the share of corporation dividends became sufficient, the latter was bound to refund the bank.

The bank is entitled to charge interest on the amount of its advances to the corporation, to pay interest on its bonds.

Stockholders are considered partners in trade, and when one partner fails to furnish his *quota* of the capital stock, and it is furnished by the other partners, he is chargeable for the advance with interest.

The Commercial Bank of New-Orleans claims the sum of twelve thousand five hundred dollars, from the corporation of the City of New-Orleans, being the sum advanced from the funds of the bank to pay the first instalment of interest on the corporation bonds, which were sold to the Bank of America, in New-York, to raise the amount of capital, (half a million,) subscribed by the corporation in said bank.

The first instalment of interest on these bonds became due and was paid by the bank in New-York, the 20th December, 1833. This suit was instituted to recover the sum thus paid, the 23d April, following.

The 46th section of the charter made it the duty of the bank to sell the bonds to raise the portion of capital stock subscribed for by the corporation, which was effected in New-

*This case was decided the 18th June, 1835, and suspended by an application for a re-hearing.

EASTERN DIST.
June, 1837.

COMMERCIAL
BANK
vs.
MAYOR ET AL.

York. According to the 23d section of the bank charter, it is authorized to retain in its possession the dividends arising from the shares owned by the corporation, to be applied to the payment, *first*, of the interest, and then the principal of these bonds, and that the surplus in the mean time should be passed to the credit of the corporation, half yearly, and set apart as a sinking fund.

It further appears by the evidence, that owing to the expenses and delay in putting the bank in operation there was no dividends which had accrued to the stockholders before the first instalment of interest became due and payable on the corporation bonds. The bank claims a judgment for the sum thus advanced out of its own funds, on the refusal of the corporation to reimburse it. The first answer of the defendants was a general denial, and filed May 7th, 1834. On the 2d April, 1835, they filed a supplemental answer, averring that the sum claimed as having been advanced by the bank for the defendants, was paid and extinguished by the dividends accruing to them on their shares of the capital stock.

On the trial it appeared by the evidence that the plaintiffs' claim was reduced by accruing dividends to the sum of three thousand one hundred and seventy dollars and sixty-two cents, including interest charged in the account.

The district judge was of opinion that the intention of the legislature was, that the interest and principal of the bonds was to be paid by the dividends arising on the corporation stock, and this intention is to be effected if possible. Judgment of non-suit was rendered, from which the plaintiffs appealed.

*Conrad*, for the plaintiffs, maintained that the interest required to be paid semi-annually on the corporation bonds was a debt due by the corporation which they were bound to pay. The 23d section of the charter, on which the defendants rely, authorises the bank to retain the corporation dividends for this purpose, but when they are insufficient, the corporation itself must furnish the funds.

EASTERN DIST.
June, 1837.

COMMERCIAL
BANK
vs.
MAYOR ET AL.

*Eustis*, for the defendants, contended, that by the provisions of the 23d section of the charter, the bank was to take and sell the bonds and provide the capital stock of the corporation, and also for the payment of the interest on the bonds. In consideration of this, the bank is authorized to retain *all* the corporation dividends as a security, and a fund from which it is to pay the interest and principal of the bonds.

*Mathews, J.,* delivered the opinion of the court.

This is a suit brought to recover from the defendants a certain sum of money which the plaintiffs allege they paid for their use and benefit. Judgment was rendered for the defendants, from which the plaintiffs appealed.

The facts of the case show, that the defendants, in pursuance of a privilege granted by the charter of the bank, subscribed for, and became stockholders in its capital to the amount of five hundred thousand dollars, to be paid by bonds bearing an interest of not more than five per cent. per annum. These bonds were made payable to the bank, and were negociated and sold by the latter at a profit of three fourths per cent. The interest was payable from the date of the bonds, which was on the 20th June, 1833, to be paid semi-annually; consequently, the first instalment of interest became due on the 20th December, of that year. The charter directs that these payments are to be made out of the portion of dividends which may accrue on the stock of the defendants, and any surplus which might be over such payments is to remain in the bank as a sinking fund, to be appropriated to the payment of the bonds, which are redeemable in forty years. The bank went into operation in November, 1833; but owing to the expenses incurred in its institution, no dividends were declared until June, 1834. Previous to any available profits on the stock, or declaration of dividends, the interest on the bonds which became due in December, 1833, was paid out of its funds amounting to twelve thousand five hundred dollars, and to recover this sum the present action was instituted on the 28th April, 1834. Final judgment was not rendered until the 11th April, 1835. In the interim

EASTERN DIST.
*May*, 1837.

COMMERCIAL
BANK
*vs.*
MAYOR ET AL.

Payment or compensation by operation of law, may be pleaded and allowed at the trial, or any time before judgment, and perhaps even after, on an injunction, when the debt has been extinguished by legal compensation previous to judgment.

The corporation of New-Orleans was entitled to subscrib for, and pay in its, own bonds bearing five per cent. interest, payable semi-annually, half a million of stock in the Commercial Bank, and its dividends to be applied to payment of interest on its bonds, etc.: *Held*, that when the bank had to advance the interest, before the share of corporation dividends became sufficient, the latter was bound to refund the bonds.

between these periods dividends had been declared, and according to an amount stated by the cashier of the bank, dated on the 3d April, 1835, a balance of three thousand one hundred and seventy-two dollars and sixty-two cents, appears against the defendants. This account is made out by charging the corporation of the city with interest paid on the bonds and crediting them with their portion of dividends of June, 1834, and January, 1835.

The above are the principal facts to be taken into consideration in the discussion of the cause, and on them and an interpretation of the sections of the charter relative to the privileges granted to the defendants, depends the correctness or error of the judgment rendered by the court below. Before entering into the merits of the cause, it is necessary to dispose of a bill of exception taken to the opinion of the judge *à quo*, permitting the defendants to plead payment or compensation on the trial of the cause. We do not think there is error in this opinion. The sums due reciprocally by the parties to this suit, were settled and liquidated by the bank, as agent in the administration of the funds which belong to the city corporation, and in this way must be considered as producing compensation by mere operation of law which may be opposed to a demand at any time before judgment, and perhaps even after, on an injunction to an execution when the debt has been extinguished by legal compensation previous to judgment.

According to the provisions of the charter the defendants acquired a privilege of subscribing for the amount of stock therein stated, without the possibility of reduction. They were excused from paying the subscription in money, and their bonds bearing five per cent. interest, were to be considered as an equivalent. It is only by the stipulation to pay interest, and by the fulfilment of the obligation imposed on them to this effect, that the stock could be rendered equal to money on which the bank was to operate.

The latter, according to the manner in which they negociated the bonds rendered themselves liable to pay the interest which the obligors were bound to pay, and when paid they were *ipso facto* subrogated to the rights of the purchasers of

these bonds, and can pursue the original promisors to refund the sums thus paid for their benefit. The delay in obtaining judgment has greatly reduced the amount which the plaintiffs might otherwise have recovered, and this reduction is caused by compensation arising from the mere operation of law, and the balance only should be adjudged to them. This balance is made up in part by interest calculated on their advances, and the only remaining question is, whether they are legally entitled to such interest? We are of opinion they are. Stockholders in a bank may be likened to partners in trade, and when one partner fails to furnish his *quota* of stock, and it be supplied by the other partners, he is chargeable for the advance, with interest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that judgment be here entered in favor of the appellants and plaintiffs, for the sum of three thousand one hundred and seventy-two dollars and sixty-two cents, with costs in both courts.

COMMERCIAL
BANK
vs.
MAYOR, ET AL.

The bank is entitled to charge interest on the amount of its advances to the corporation, to pay interest on its bonds.

Stockholders are considered partners in trade, and when one partner fails to furnish his *quota* of the capital stock, and it is furnished by the other partners, he is chargeable for the advance, with interest.