WESTERN DIST.
*October*, 1839.

ARMSTRONG
*vs.*
LEVY ET AL.

ARMSTRONG *vs.* LEVY ET AL.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, JUDGE COOLEY, THEN OF THE FOURTH JUDICIAL DISTRICT, PRESIDING.

Where the seal of the court is not affixed to the record of a judgment suit in another state, and the certificate of the clerk is irregular, it will not furnish sufficient authentic evidence to authorize the executory process to issue on it in this state.

In this case, the plaintiff obtained from the district judge presiding an order of seizure and sale, on a record and judgment in favor of the plaintiff against the defendants in the state of Mississippi, for the sum of three thousand three hundred and twenty-eight dollars and twenty cents. The record is made out, and purports to be certified according to the act of Congress, to make it authentic in the several states of the Union. From the order of seizure and sale, granted by the district judge, the defendants prayed and were allowed an appeal direct to this court.

*Dunlap* and *Dunbar*, for the defendants and appellants, assigned errors apparent on the face of the record, and par-

ticularly that the record from Mississippi was not duly attested under the seal of the court, according to the law of Congress, no seal being attached thereto.

*Selby*, for the appellee, insisted that the Mississippi record was duly certified, and was sufficiently authentic to authorize the issuing of the executive process.

2. The clerk certifies that he affixed the seal of court, and it must be presumed that it was done, and that the scroll affixed to the signature is the seal. It is also to be presumed that the court in Mississippi rendered judgment on proper and sufficient evidence; at any rate, it is for the other side to show the contrary.

*Morphy, J.*, delivered the opinion of the court.

The defendant seeks the reversal of the judgment on an assignment of error apparent on the face of the record; it is sufficient to examine one of them.

The judgment is one obtained at chambers, rendering *that* of a court of an adjacent state executory in this, and ordering a writ of seizure and sale therein. The error assigned is, that the record of the court of the sister state is not certified in the manner prescribed by the law of Congress, and required by the Code of Practice, the clerk's certificate not being authenticated by the seal of the court, nor showing that the court has not a seal; on the contrary, stating that the seal is affixed, which negatives the idea that the court is without a seal. The certificate being thus irregular, the first judge erred in declaring the judgment executory in this state, and ordering the writ of seizure and sale to issue.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the plaintiff and appellee paying costs in both courts.