De Lizardi and others v. Hardaway and others.

---

FRANCISCO DE PAULA DE LIZARDI and others *v.* WILLIAM A. HARDAWAY and others.

One who suffers a judgment to be rendered against him, without pleading in compensation a debt which he might have opposed to his adversary's demand, does not thereby lose his right of action against the plaintiff for the amount of the debt ; but he must institute a separate action therefor, before the court having jurisdiction over the plaintiff's domicil. He cannot enjoin the execution of

De Lizardi and others v. Hardaway and others.

plaintiff's judgment on the ground of its being extinguished by compensation. C. P. 373.

An execution cannot be enjoined, on grounds which might have been pleaded in defence before judgment.

APPEAL from the District Court of the First District, *Buchanan*, J.

*G. Strawbridge,* for the appellants.

*L. C. Duncan,* for the defendants. No injunction will lie to stay execution, on grounds which might have been pleaded in defence before judgment. *Lafon* v. *Dessessart,* 1 Mart. N. S. 71. *Monroe* v. *McMicken,* 8 Mart. N. S. 513; *McMicken* v. *Millaudon,* 2 La. 181; *Garlick* v. *Reece,* 8 La. 101; *Peytavin* v. *Winter,* 8 La. 273; *Campbell* v. *Briggs,* 3 Robinson, 110; *Benton* v. *Roberts,* 3 ib. 226.

*Grymes,* on the same side.

SIMON, J. This appeal is taken from a judgment refusing to grant the injunction, applied for by the plaintiffs with the view of arresting the execution of a judgment rendered against them in favor of Robertson, Beale & Co. The appellants state in their petition, that the execution which they seek to enjoin was issued in favor of William A. Hardaway, residing in Mobile, and of the Bank of Mobile, in the suit entitled "*Robertson, Beale & Co.* v. *F. de Lizardi & Co.,*" (the applicants,) wherein the appellees claim to be assignees of the plaintiffs and owners of the judgment rendered therein, under which they threaten to seize and sell the appellants' property, to an amount of $13,940. The appellants deny the legality and validity of the assignment, or that any valid consideration was ever paid by the transferrees therefor. They further represent that before the assignment, and even before the institution of the suit in which the execution sought to be enjoined was issued, the firm of Robertson, Beale & Co. was indebted to them in a large amount, to wit, in the sum of $11,292 92, being the amount of two bills of exchange drawn on the 17th of February, 1837, by the said Robertson, Beale & Co., each for the sum of one thousand pounds sterling, in favor of Andrews & Co., on the house of Morrison, Cryder & Co., of London, payable sixty days after sight, transferred to appellants by the endorsement of Andrews & Co., and others. The bills,

being dishonored and returned, were, by the said Robertson, Beale & Co., liquidated in the said sum of $11,292 92, and notes at six and twelve months, secured by mortgage, were given as security on the surrender of the said bill of exchange ; but the appellants aver, that the property mortgaged having been sold by judicial order, has produced to the petitioners absolutely nothing, &c. Wherefore they pray that the debt by them due to Robertson, Beale & Co. be decreed to have been compensated and extinguished, &c., and that the execution be enjoined.

The judge, *a quo,* based his refusal on the ground that the debt pleaded in compensation does not appear to be equally liquidated and demandable with the judgment against which it is opposed, and this perhaps would be sufficient to defeat the plaintiffs' attempt to arrest the execution of said judgment ; but as the parties have thought proper to test their rights before us under the question, whether the appellants can be allowed to enjoin the execution complained of, on grounds of defence which existed and might have been pleaded before the judgment, we shall proceed to inquire whether a party who shows that he suffered judgment to be rendered against him, without pleading a compensation, which he had then and before, the right of opposing against his adversary's demand, can be subsequently permitted, not only to set up said compensation or set-off in a separate suit, but also to enjoin the execution of the judgment obtained against him.

The affirmative of this question has been strenuously urged by the plaintiffs' counsel, who, in support of his position, has referred us to several very respectable French authorities, which appear to sustain him, and to several decisions of this court, among which he relies particularly on the case of *Caldwell* v. *Davis,* 2 Mart. N. S. 135.

It is true that in the case of *Caldwell* v. *Davis,* this court seems to have adopted the rule recognized by the French jurists therein quoted, that compensation may be opposed even after judgment, and that it may be so opposed to the execution of the judgment ; but the claim which was the subject of the controversy was not in existence, that is to say, did not belong to the party defendant until after the judgment had been rendered, and the real question which this tribunal had then to consider, was,

De Lizardi and others v. Hardaway and others.

"*whether, after a judgment rendered,* and execution issued, the defendant in the suit *could purchase a promissory note of the plaintiff,* oppose it in compensation of the amount due, and suspend the operation of the execution, until the verity of the claim, thus set up is examined." The decision relied on does not go further than answering affirmatively to this question, and appears to be grounded particularly upon the fact that the defendant, having had nothing to oppose in compensation against his adversary's demand previous to the rendition of the judgment, his subsequently acquiring a liquidated claim against him, entitled him to show that said judgment was satisfied and extinguished by compensation; and thus he was allowed to suspend the execution under the rule that such compensation could be set up, according to the Spanish jurisprudence then in force in Louisiana, even in opposition to the execution of a sentence. In the case of *Palfrey* v. *Shuff,* same vol. p. 51, this court appears to have decided the same point differently; but there, it was not shown that the judgments set up in compensation had been obtained in the court from which the execution, sought to be stayed, had been issued. The cases cited from 12 Mart. 370, and 4 La. 400, are not applicable; and in the case from 11 La. 216, this court only intimated that *perhaps* an injunction to an execution could be obtained when the debt has been extinguished by legal compensation, previous to judgment; but no express opinion was given upon this point, which was clearly foreign to the issue then under consideration.

But under the provisions of the Code of Practice, and in the present state of our jurisprudence, can it be pretended, that the question here presented is yet unsettled? By art. 367 it is provided that, " the defendant may plead compensation, or set-off, at every stage of the proceedings, provided it be pleaded specially;" and art. 368 says that, " it may be pleaded either in the answer to the principal demand, or by a distinct and separate demand." Thus it is clear that our laws recognize two modes of pleading compensation, one by exception, and the other by a distinct and separate suit. But the demands must be set up simultaneously, before the same tribunal, and according to the rules set forth in arts. 369, 370, 371 and 372 of the Code of Practice. By the

terms of art. 373 it is provided that, "*if the defendant suffer judgment in the original suit, without pleading such compensation as he may have to oppose, as provided above, he sh ll not, on that account, lose his right of action against the plaintiff to recover whatever amount such plaintiff owes to him; but he must bring his action before the court within whose jurisdiction the plaintiff has his domicil.*" This article appears to be particularly applicable to the present case, and excludes the idea of the defendant being permitted to arrest and suspend the execution of the judgment rendered in the original suit, until the claim by him subsequently set up in compensation is determined by a judgment. His only remedy, if he has not thought proper to avail himself of the compensation before judgment, is to bring an action against his adversary before the court within whose jurisdiction his adversary has his domicil. The law says, he shall not lose his right of action, but he cannot exercise it but as a distinct demand, unconnected with the original one. In the meantime he must perhaps pay the amount of the first judgment. But whether he does so or not, he will not he deprived of his claim; and it is evident, that at least until it is liquidated, he cannot set it up in satisfaction of said judgment, and enjoin the execution thereof. Here, Robertson, Beale & Co., and the defendants, appear by the record to reside in Mobile; and, under art. 373, it is clear that they are not amenable in this manner before the court by which the judgment complained of was rendered. They ought to be sued before the judge of their domicil, unless, being absentees, they can be brought before the courts of this State, by the attachment of any property which they may possess in Louisiana.

Now, as far back as the case of *Lafon's ex'r v. Dessessart*, 1 Mart. N. S. 71, this court decided that, "it is not in the power of an inferior court to deprive a party, in whose favor it has rendered judgment, of the benefit which results from it, on the allegation of any fact that might have been opposed to him and prevented his obtaining judgment." Our jurisprudence is uniform upon this subject; and this shows that the case of *Caldwell* v. *Davis*, 2 Mart. N. S. 135, was decided upon a different state of facts and circumstances, which the tribunal considered sufficient

to make it an exception to the general rule, viz: that the claim set up in compensation *had been acquired since the judgment enjoined* was obtained. Again, in *Monroe* v. *McMicken*, 8 Mart. N. S. 513, this court said, causes would never terminate, if injunctions could stop execution, and try matters over again which might have been offered in defence before judgment was given. So in *McMicken* v. *Millaudon*, 2 La. 181, this tribunal expressly remarked, that all matters then urged to delay the execution, ought to have been presented as a defence when the plaintiff contested the defendant's action, and that it was too late to claim the benefit of them. This doctrine was again recognized in two cases reported in 8 La. 101 and 271; and, in the case of *Benton* v. *Roberts*, 3 Robinson, 224, we again held, that an injunction cannot issue to stay an execution, on grounds which might have been pleaded in defence before the judgment. We have no reason to be dissatisfied with this branch of our jurisprudence. It is in accordance with the provisions of the Code of Practice, and we must conclude that the judge, *a quo*, did not err in refusing to grant the injunction applied for.

*Judgment affirmed.*