## CHAMBLISS, Executor, *v.* ATCHISON.

Proceedings *viâ executivâ* cannot be changed into an action *viâ ordinariâ*, without the assent, express or implied, of the seizing creditor. Where such a change is made with the assent of the creditor, neither the interest nor damages allowed on the dissolution of an injunction can be recovered.

Interventions are not allowed in proceedings *viâ executivâ*. Third persons must assert their rights in direct actions.

Grounds for enjoining an order of seizure and sale may be noticed on appeal, though not set out in the petition for the injunction, when apparent on the face of the record. Not to notice such grounds, would be inconsistent with the rule that injunctions, though improvidently sued out, are never dissolved, when the facts show that, on the dissolution, the party will be immediately entitled to that remedy on other grounds. *Per Curiam:* The case of *Landry* v. *Léglise*, 3 La. 220, must be considered as referring exclusively to points not made in the petition for the injunction, nor appearing on the face of the record.

Decision in *Spencer* v. *Knowland*, *ante* p. 222, affirmed.

Acts *sous seing privé* can only be made authentic by a recognitive act setting forth their tenor, executed before a notary and two witnesses.

CHAMBLISS
v.
ATCHISON.

To entitle the holder of notes secured by mortgage to proceed by executory process, the identity of the notes with those secured by the mortgage must appear upon the face of the record; though, it may be true, that the certificate and *paraph* of the notary are not indispensable for that purpose.

APPEAL from the District Court of Carroll, *Mayo*, J. *Stacy* and *Sparrow*, for the plaintiff. *Thomas*, for the defendant. *Dunlap* and *Perkins*, for the opponents. *R. N.*, and *A. N. Ogden*, for the intervenors. The judgment of the court was pronounced by

Rost, J. The plaintiff, as dative testamentary executor of *Job Bass*, obtained an order of seizure and sale against a plantation and slaves in the possession of the defendant, upon a mortgage debt alleged to have been due originally to the testator by *Joseph Niebert*, and to have been assumed with a new mortgage by the said defendant. The defendant enjoined the seizure, alleging the executory process to be illegal, unjust and oppressive, both in its origin and in every stage of its progress, on various grounds stated in the petition. He also pleaded on the merits a partial failure of the consideration by him given for the property mortgaged, and prayed for the recision of the sale, with damages.

The plaintiff moved to dissolve the injunction, as having been improvidently sued out, on the allegations of the petition. Before this motion was disposed of, the defendant presented an amended petition, setting forth the institution against him of the suit of *Bryan, Administrator*, v. *Atchison*, lately determined, *ante* p. 462, for the recovery of one-half of the mortgaged premises; alleging other grounds of defence, and praying that the suit of *Bryan* against him might be consolidated with these proceedings.

The plaintiff opposed the filing of the amended petition, on the following grounds: 1st. That all amendments to pleadings upon which an injunction has been obtained, are inadmissible. 2d. That the amendment offered contradicted the original pleadings. 3d. That it cumulated the suit with matters that could not be pleaded in it. 4th. That it prayed to consolidate this suit with a petitory action, which could not be done.

The court refused to permit the suits to be consolidated, but allowed the amended petition to be filed, and the plaintiff took a bill of exceptions. He subsequently filed, as an answer to both petitions, and under the reservation of his rights on the motion to dissolve, a general denial, and prayed that the injunction might be dissolved with ten per cent interest, and twenty per cent damages, upon the amount enjoined, and $1,000 as special damages. The persons named in the suit of *Bryan* v. *Atchison*, as representing the *Planters Bank* and the *Commercial Bank*, intervened, and prayed for judgment against the defendant as in that suit. The commercial firm of *W. Jackson & Co.* came into court by way of third opposition, and opposed the seizure and sale, claiming a privilege upon the crop then growing, for supplies furnished to the defendant for the use of the plantation and slaves. The court below, after hearing the parties, perpetuated the injunction, gave judgment against the intervenors as in case of nonsuit, and in favor of *W. Jackson & Co.* for the amount of their claim, with privilege upon the proceeds of the crop in the custody of the sheriff. The plaintiff has appealed from the judgment perpetuating the injunction, and from the judgment in favor of *W. Jackson & Co.* The intervenors have also appealed from the judgment rendered against them.

There has been no change in this case from the *via executiva* to the *via ordinaria*. That change cannot take place without the assent, express or implied,

of the seizing creditor, and the record shows most conclusively that no assent of any kind had been given by the plaintiff. The motion to dissolve insisted upon to the last, the grounds upon which the filing of the amended petition was opposed, and the prayer of the answer for the dissolution of the injunction with the highest rate of interest and damages, and special damages besides, all lead the mind to the inevitable conclusion that the plaintiff has not relented in the pursuit of the remedy at first resorted to. Had he intended to do so, neither interest nor damages would have been claimed by him, as none could be recovered in the *vi\u00e2 ordinari\u00e2*. *McMillin* v. *Carlin*, 16 La. 102.

This, we conceive, puts an end to the pretentions of the intervenors. Interventions takes place in suits, but an order of seizure is not a suit. All the proceedings allowed under it are summary, and parties are not permitted to embarrass the administration of summary justice with matters *en pais*, having no connection with the main issue ; nor can they in that manner deprive the parties to the order of seizure of the right to contest their claims in the ordinary forum, and to have them tried before a jury. Courts of justice are open to the intervenors in this case, for the enforcement of their rights in a direct action. But this unusual complication of suits should be discouraged, as tending to create endless confusion, and to obstruct unnecessarily the avenues of justice. We have no hesitation in saying that the intervention of the banks in this case, is in derogation of common right, and unauthorised by law.

Among the specific grounds relied on in argument by the counsel for *Atchison*, in support of the judgment appealed from, so far as it perpetuates the injunction, the following are deemed material :

1. *Chambliss* could not legally obtain an order of seizure on the outstanding notes of *Niebert*, the stipulation of the defendant to pay those notes only confering upon him an equitable action to enforce payment.

2. The power of attorney to *Lacoste*, which is one of the documents on which the order of seizure issued, is a private act.

3. The certificate and affidavit of the justice to prove demand from the original debtor, are private acts, not under seal as required by the statute of Mississippi.

4. The copies of the statutes of Mississippi adduced to show the capacity of justices of the peace to act as notaries and to prove the rate of interest on the notes, are not authentic in the meaning of articles 732, 733, of the Code of Practice.

5. The identy of the notes is not shown. They were not *paraphed* by the notary. The mortgage of *Niebert* describes those that were given as being drawn in favor of *Bass*, and his name is not on those which the plaintiff has produced.

The facts assumed in these grounds are apparent on the face of the record, and force upon us the conclusion that the order of seizure was granted upon evidence not authentic.

It is contended that none of those grounds but the first were set forth in the petition praying for the injunction, and that the others cannot be noticed here. The authorities relied on in support of that position do not, in our opinion, establish it.

" When executory process is prayed for on an act said to import a confession of judgment, the judge must examine and decide whether the instrument unites all the requisites of the law necessary to authorise this summary proceeding; *so*

*far it is a judgment,* and an appeal lies from it, as from all other orders of court that might work an irreparable injury." *Harrod* v. *Voorhies' Administratrix,* 16 La. 254.

The case of *Landry* v. *Léglise,* 3 La. 220, must be considered as controlled by that of *Harrod,* and as having exclusive reference to points not made in the petition of injunction, and not appearing on the face of the record. The defendant, *Atchison,* may avail himself in the Supreme Court of the defence which an appeal from the order of seizure would have enabled him to make.

The rule laid down in *Léglise's* case, if understood in the broad sense, that that the court can, in no case whatever, travel out of the matters set forth in the petition, would come in direct conflict with another rule of practice, which has received the uniform assent of the bench and the bar. That rule is, that injunctions, although improvidently sued out, are never dissolved, when the facts of the case show that on the dissolution the party will immediately be entitled to that form of remedy on other grounds. *Bushnell* v. *Broom's Heirs,* 4 Mart. N. S. 499. *Exinicios* v. *Weiss,* 3 Ib. N. S. 480. *Crane* v. *Baillio,* 7 Mart. N. S. 273. 4 La. 400. 5 La. 62.

Proceeding to examine the points made, in the case of *Spencer* v. *Knowland, ante* p. 222, we held that a copy of the statute of Mississippi regulating the rate of interest was not authentic evidence of that rate at the time the judgment was rendered executory, and the reasons there given apply to the two statutes found in this record.

The certificates of the justices of the peace of the State of Mississippi, are not under seal, and this omission has been held by the late Supreme Court to be fatal. 14 La. 157.

The power of attorney from *Wilkins* to *Lacoste* is a private act. The acknowledgment of one of the witnesses who signed it, although it may be sufficient to affect third persons with notice, when the act is recorded, does not make it authentic. The copy of it found in the record would not be legal evidence in an ordinary suit, and is totally insufficient to support an order of seizure. 5 Mart. N. S. 175, 691.

Acts under private signature can only be made authentic by a recognitive act setting forth their tenor, and executed before a notary and two witnesses. *Maillan* v. *Perron and wife.* 8 La. 138.

It may be true that, the certificate and *paraph* of the notary upon mortgage notes are not indispensable to enable the holder to resort to executory process, but their identity must be manifest upon the face of the record. It appears to us in this case to be a matter *en pais.* Had the plaintiff appealed from the order of seizure, he would be clearly entitled to relief. We consider that he is equally so under the present form of action.

The order of seizure having been improperly sued out, the plaintiff is without capacity to contest the claim and privilege of *W. Jackson & Co.* That branch of his appeal must therefore be dismissed.

For the reasons assigned, it is ordered that the judgment perpetuating the injunction, and dismissing the petition of the intervenors in this case, be affirmed with costs; and that the appeal taken by the plaintiff from the judgment rendered against the defendant in favor of *W. Jackson & Co.,* be dismissed, with costs.