## Jones v. Elliott.

The transfer of the title to a promissory note is not restricted to the form of an endorsement. It may be assigned by a separate instrument; and the assignee may sue in his own name.

Where a note described in a notarial act of assignment corresponds in date, amount, parties, rate of interest, maturity, and in all other respects with the note sued on, with the single exception that the note described in the notarial act is stated therein to be secured by mortgage while the note held by plaintiff is not *paraphed*, the want of a paraph will not be considered inconsistent with the identity of the notes.

Article 3347 C. C. which directs that " every notary before whom an act shall have been made, by which notes to order have been given for the payment of a debt bearing a privilege or mortgage, shall attest each of the notes by putting his name on them, mentioning the date of the act from which the privilege or mortgage is derived, under the penalty of damages," is merely directory to the notary. The *paraph* is not essential to the existence of the mortgage; the identity of the note may be established by evidence *aliunde*. The correspondence of date, amount, parties, rate of interest, and maturity, coupled with the possession of the note, raises a presumption of identity, throwing upon the defendant the burden of showing the existence of another note of like description made by himself, the mortgagor referred to in the act of assignment.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Michel*, for the appellant. *F. B. Conrad*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. There is perhaps some looseness in the clerk's certificate of the transcript, but it is aided by the statement of facts made at the trial; and we see no reason to doubt that the transcript presents all the evidence upon which the cause was tried.

*Phelps* is the payee of the note, upon which this suit is brought against *Elliott*, the maker,. The transfer of the title to a promissory note is not restricted to the form of an endorsement merely. It may be assigned by an independent instrument. In a court of common law the mere assignee of a negotiable instrument, not endorsed by the payee, would not be permitted to sue in his own name; but a court of equity would aid the assignee in its collection, and certainly there is no objection under our system to the assignee suing in his own name. See *Hughes* v. *Harrison*, 2 La. 92.

The defendant has not shown any equitable defence, which could have been maintained against the payee, were he plaintiff in the cause.

The district judge was not satisfied with the evidence adduced to show the ownership of the note. In this opinion we do not concur. The plaintiff relies upon a notarial act of assignment of a promissory note which corresponds, as therein described, in date, amount, parties, rate of interest, maturity, and, in all other respects, with the note held by the plaintiff, with the single exception that the note described in the notarial act is said therein to be secured by mortgage of certain land, according to an act mortgage which is referred to. The defendant contends that the note contemplated by the transfer cannot be the same note held by the plaintiff, because this note exhibits no notarial *paraph*. He refers to the 3347th article of the Code, which directs that every notary before whom an act shall have been made, by which notes to order have been given in payment of a debt bearing a privilege or mortgage, shall attest each of the notes by putting his name on them, mentioning the date of the act from which the privilege or mort-

JONES
*v.*
ELLIOTT.

gage is derived, under the penalty of damages. This article is directory to the notary; and the *paraph* is not essential to the existence of the mortgage. Hence when the mortgagee desires to enforce his mortgage, he will be permitted to establish the identity by evidence *aliunde*. See *Succession of Johnson*, 3 Rob. 217. It is obvious therefore, that the absence of the *paraph* in the present case is not inconsistent with the identity of the note which the plaintiff holds, with that contemplated in the notarial assignment. Then the only question is, whether the presumption of identity arising from the correspondence of date, amount, parties, rate of interest and maturity, is to be disregarded and treated as a weak and unsatisfactory presumption, solely because the note before us bears no *paraph*, and that described in the notarial transfer was a note for which a mortgage was therein said to have been given. We think it should not be so treated; but that, on the contrary, the evidence, coupled with the possession of the note, raises a presumption of identity, which may, in the language of the Code, be characterized as " *grave, precise, et concordante;*" justifying a reasonable conviction, and throwing upon the defendant the burden of showing the existence of another note of like description, having been actually given by himself, the mortgagor referred to in the act of assignment.

It is very certain that *Phelps* would never be permitted to recover from the defendant upon this note, even if he could hereafter prove, which we have no reason to believe he could do, that it was not the note assigned to the plaintiff, and that the plaintiff got possession of it wrongfully, unless, at least, he could also show that *Elliott* had in his power the means of disproving the presumption of identity created by the act of transfer, and neglected to use them. It would be *primâ facie* a sufficient answer to him to say, he had put into the hands of the present plaintiff an instrument describing the note transferred in such terms as to justify the conviction that it was the note now in question, and that if the note really transferred bore a notarial *paraph* it was his own fault that he did not say so in the assignment.

It is proper to observe that, the defendant does not state in his answer, nor even directly assert in argument, that he had given *Phelps* another note of like tenor with this. It is also to be observed that the plaintiff simply asks a personal judgment against *Elliott*, and does not ask, in this suit, to enforce the mortgage.

It is therefore decreed, that the judgment of the court below be reversed, and that the plaintiff recover of the defendant the sum of $458 92, with interest thereon from the 6th December, 1841, until paid, and the costs of this suit in the court below and those of the appeal.