Dear Mr. Cormier:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question, it as follows:
 "Is the paraphing of promissory notes legally necessary under the jurisprudence of Louisiana."
LSA-R.S. 9:5305 states the following:
 "The notes, bonds, or other obligations secured by the mortgage need not be paraphed if the act of mortgage identifies them by date, number, amount, and date when payable."
Additionally, the jurisprudence supports the proposition that notes do not have to be paraphed "if they can be identified in all other respects" with the act of mortgage. Perhaps the leading case on this subject is U-Finish Homes, Inc., v. Lanzel, App. 1967 202 So.2d 339. In this case, the court cited the cases of Pepper v. Dunlop, 16 La. 163, Jones v. Elloitt, 4 La. Ann. 303, and Chambliss v. Atchinson, 2 La. Ann. 488, and stated:
 "The general rule for which these cases stand as authority is correct and a note does not have to be paraphed if it can be identified in all other respects with the act of mortgage so that there can be no doubt that the two instruments are in fact related and that one stands as security for the other."
Similarly, in the case of Guilreau v. Kinchen, 361 So.2d 317, the First Circuit Court of Appeals stated:
 "The identity of a note with the mortgage securing it can be shown by circumstantial and parole evidence, in the absence of a paraph."
Accordingly, it would appear that both the law and the jurisprudence support the proposition that if a promissory note is sufficiently identified with a particular act of mortgage "so that there can be no doubt that the two instruments are in fact related and that one stands as security for the other", a paraph is not essential.
It should be observed, however, that while it may not be a legal requirement that notes be paraphed to identify them with the mortgages which secure them, it would certainly seem to be good practice to do so. It would appear that paraphing notes for identification with the mortgages which secure them should be the rule, not the exception. When a note is properly paraphed for identification with a particular mortgage, questions pertaining to the relationship of the note to the mortgage are usually avoided.
Having thus opined it would appear that the foregoing opinion should be qualified in the following manner. This opinion has been based upon the assumption that the question you asked pertained to conventional mortgages, as we have know them in this state over the years. Please be advised however, that the Louisiana law dealing with mortgages has undergone substantial revision during the last two or three legislative sessions. Accordingly, this writer strongly recommends that you seek the advice of your own counsel, concerning the numerous changes in the law on mortgages which have occurred in recent legislative sessions. Upon examination of the amended statutes on mortgages, you may find information which will be beneficial to you and which might affect your use of mortgages.
As far as we are aware, the changes which have been made do not affect the opinion herein provided.
I trust the foregoing adequately answers your question. However, if additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2503s