WARREN vs. BRISCOE.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE THEREOF PRESIDING.

In an action against the drawer of a bill, or maker of a note, a demand of payment and presentment of the note at the place indicated on its face, are indispensable, and must be shown, to enable the plaintiff to recover.

This is an action on the following promissory note :

"$6,666. RODNEY, Miss., January 1, 1835.

" Two years after date, I promise to pay J. B. Warren, or order, six thousand six hundred and sixty-six dollars, without defalcation, for value received, negotiable and payable at the Planters' Bank of Mississippi, at Natchez.

JOHN BRISCOE."

The plaintiff alleges, that on the 4th January, 1837, at the Planters' Bank of Mississippi, Natchez, *he demanded* payment of the said note, and afterwards his attorney made an amicable demand of payment, which the said John Briscoe refused. He prays judgment for the amount thereof.

The defendant excepted to the petition; averred that it set forth no cause of action; and contained no allegation of the legal presentment and demand of payment. This exception was overruled.

The notary in his protest states, that "he went to the Planters' Bank, Natchez, and was informed by the teller there was no funds in the bank for the payment of the said note, wherefore he protested, &c."

There was judgment for the plaintiff and the defendant appealed.

*Dunlap*, for the appellant, contended, that the court erred in overruling defendant's exception to the petition, and that it contained no sufficient allegation of presentment and demand of payment.

2. The protest offered, furnishes no evidence of presentment and demand at the place of payment. The answer made by the teller of the bank should not bind the defendant.

3. The court erred in allowing interest from the date of protest. The note was not payable in this state, and there is no stipulation to pay interest, or proof of the law or rate of interest in Mississippi.

*Carleton, J.,* delivered the opinion of the court.

This action is instituted by the payee of a promissory note executed by the defendant at Rodney, negotiable and payable at the Planters' Bank of Mississippi, at Natchez.

The petitioner alleges, that he demanded payment of the note at the place therein indicated, to prove which he exhibits the protest of the notary, who declares that he "went to the Planters' Bank, Natchez, and was informed by the teller there were no funds in bank for the payment of the above mentioned note.

The defendant excepted to the plaintiff's petition, averring that it did not contain any allegation of legal presentment, and demand of payment of the note sued on.

The exception was overruled by the court, and thereafter judgment taken by default; which being confirmed, the defendant appealed.

It does not appear from the statement of facts coming up with the record, or from the protest of the notary public, which is made a part of that statement, or any other evidence on file, that any actual presentment of the note or demand was ever made at the bank.

The law upon this subject has been long and well settled, that a demand of payment and presentment of the note at the place indicated by the instrument itself, are indispensable to the recovery. *Chitty on Bills,* page 385, 392, 401.

Under this view of the subject, we think the plaintiff has altogether failed to make out his case; wherefore it becomes unnecessary to notice any other point discussed at the trial.

*In an action against the drawer of a bill, or maker of a note, a demand of payment and presentment of the note at the place indicated on its face, are indispensable, and must be shown, to enable the plaintiff to recover.*

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be avoided and reversed; that there be judgment against the plaintiff as in case of non-suit, he paying the costs in both courts.