Morphy, J.
The defendant Foreman, has taken a devolutive appeal from a judgment rendered against him, as endorser of a promissory note, drawn to his order by H. P. Taylor, and made payable at the office of discount and deposit of the Branch of the Louisiana Bank at Baton Rouge. He urges, that the judg *33 ment of the District Court is erroneous, as there is no evidence of the “presentment of the note, and demand of payment of it, at the place of payment, which are conditions precedent, indispensable to a recovery against the maker, and, a fortiori, in a suit against an endorser.” The notary states in his protest, that, “ at the request of P. H. Harbour, Esq., holder of the original promissory note, whereof a true copy is on the reverse hereof written,” he went to the domicil therein specified, and demanded of the cashier of said bank payment thereof, who answered that he had no funds to pay it,” &c. It is certain that the person making the presentment or demand, must have with him the bill or note he is charged with the collection of; but because both words are not used in the. protest, it does not necessarily follow that the notary had not the note with him at the time. The presumption of law is, that the notary has done his duty until the contrary be shown ; and from the whole tenor of the protest, it appears to us, that the note was produced and presented for payment, at the time and place therein specified. 15 La. 376. 16 La. 310. In the case of Warren v. Briscoe, reported in 12 La. 472, the notary certified, that “ he went to the Planters1 Bank of Mississippi, at Natchez, and was informed by the teller, there were no funds in the bank for the payment of said note, whereupon he protested,” &c. From no part of the protest could it be inferred, that the notary took the note with him, and made either a presentment or demand of payment. That case is widely different from the present, in which, when the notary certifies that he demanded payment of the note at the domicil specified in it, we are bound to presume that he made such demand according to law.
Judgment affirmed.