LASTIE DUPRE, Administrator of the Succession of Philippe Jean Louis Fontenot *v.* EUGENE RICHARD.

Where the protest of a notary is offered in evidence to prove a demand of payment of the makers of a note, it must appear from the protest itself that the notary had the note in his possession, and demand payment at the proper place and from the proper party. The answer of the party of whom the demand was made, must also appear in the protest.

Where, in an action against an accommodation endorser, the plaintiff has had a fair opportunity for making out his case, and has failed, the court will not render a judgment as in case of non-suit, on the mere suggestion that the notary, who was not examined as a witness, might, on another trial, testify to facts that would entitle the plaintiff to recover.

APPEAL from the District Court of St. Landry, *Boyce,* J.

GARLAND, J. This is an action against the defendant as the endorser of a promissory note for $1000, with interest, drawn by Desessarts, Martel & Co., and payable at the domicil of P. J. L. Fontenot, now deceased, twelve months after date. It is alleged that, at the maturity of the note, it was regularly presented for payment at the place mentioned on its face, and protested for non-payment, and due notice given to the endorser. The answer is a general denial of all the allegations in the petition.

The evidence shows, that the note fell due on the 17–20 October, 1841. On the last named day the notary, in his protest, says, he " was, the day and month aforesaid, at the domicil of Philippe Jean Louis Fontenot, in the parish of St. Landry, and the subscribers of the said note did not come to pay the same;" wherefore he protested it, &c. The notary certifies that he gave notice of the protest to " the first endorser," (who is the defendant,) " by two letters, by me written; the first directed to Mr. Eugene Richard, Opelousas; the second letter directed to Mr. Eugene Richard, Plaquemine, parish of St. Landry. The first letter directed to Mr. Eugene Richard, Opelousas, was placed by me in the letter box at the post office in Opelousas town; and the second, directed to Mr. Eugene Richard, Plaquemine, St. Landry, was sent by an express conveyance— all done this 20th day of October, 1841." A witness for the

plaintiff says, that the notary, in October, 1841, gave him a letter for the defendant. On the 27th of that month he delivered the same letter to Duclise Richard, to be delivered to defendant, who subsequently admitted to the witness that he had received the letter, and that it was a notice of protest. The holder of the note lived about forty miles from the defendant, in the same parish. Duclise Richard testifies, that he got a letter for defendant from the first witness, and delivered it the same day. He never got but one letter from the first witness for defendant. He does not remember the date. The post master at Opelousas says, that the notice, directed to defendant at that place, was stamped by him on the 21st October, 1841. He has given defendant letters and papers from his office at different times. Had no orders to forward his letters. Cook says, that he was the post master at Plaquemine Bruslée. That post office is about three miles from the residence of defendant, and the office at Opelousas is about seventeen miles from his residence.

There was a judgment for the plaintiff, and the defendant has appealed.

We are of opinion that the judgment is erroneous, and must be reversed. It does not appear from the statement of the notary, that he ever presented the note for payment to any one, or demanded payment. In fact, it no where appears, that he had the note in his possession. This is clearly insufficient. The law requires, that it shall sufficiently appear, from the act of protest, that the notary had the note in his possession, and that he demanded payment of it from some one. No special form is prescribed, but the facts must be substantially set forth, with the answer of the person of whom the demand is made. 12 La. 472. 16 Ibid, 308, 461. The counsel for the plaintiff has urged that, the notary could not make a demand, as Fontenot, at whose domicil the note was payable, was dead, and no one was there to whom the note could be presented. The statement of the notary is adverse to this argument, for his protest proves that Fontenot was alive.

The counsel for the plaintiff has asked us, in case the judgment should be erroneous, to do no more than give a judgment of non-suit. The demand is against the defendant, as an accom-

modation endorser. The plaintiff has had a fair opportunity to make out his case, and has failed. We do not feel authorised, on a mere supposition that the notary might testify to something to help out his protest, to subject the defendant to the expense and trouble of defending another suit.

It is ordered and decreed, that the judgment of the District Court be annulled and reversed; and our judgment is in favor of the defendant, with costs in both courts.

*T. H.*, and *W. B. Lewis*, for the plaintiff.

*Linton*, for the appellant.