## THE STATE v. THE PARISH JUDGE OF PLAQUEMINES.

The jurisdiction of the Supreme Court being appellate only, and limited by the Constitution (art. 4, § 4) to civil cases in which the matter in dispute exceeds three hundred dollars, it cannot issue a *mandamus* to an inferior tribunal where the amount in dispute is under that sum. A *mandamus* can be issued by the Supreme Court only in aid of its appellate jurisdiction. C. P. 829, 839.

RULE to show cause why a *mandamus* should not be issued to the parish judge of the parish of Plaquemines.

*Lombard*, for the applicant.

*Dutillet*, parish judge of Plaquemines, showed cause against the rule.

SIMON, J. On the petition of the plaintiff in a suit pending before the Parish Court of the parish of Plaquemines, representing that the judge of said court, without any legal cause, refuses to try, and decide the said cause, a rule was issued, directed to the said parish judge, commanding him to show cause why a peremptory *mandamus* should not be issued.

The judge answered, that the reason why he recuses himself, and refuses to try the cause, is, that he is *unfriendly* to one of the parties.

On the return of the rule, it was stated before us, by the counsel of one of the parties, and assented to by the other, that the case in which the *mandamus* was sought to operate was not within our jurisdiction, as the matter in controversy therein was under three hundred dollars; whereupon we informed said counsel that we could not take cognizance of his application.

By the first section of a law of 1840 (Acts of 1840, p. 135), the jurisdiction, in civil cases, of the Parish Court of Plaquemines, was extended to the sum of $3,000; and it was further

provided, that judgments rendered by said court for all sums below $300 *should be final and without appeal;* and that, when over three hundred dollars, appeals might be taken directly to the Supreme Court. Now, according to the constitution of the State, our jurisdiction is an appellate one *only,* extending to all civil cases when the matter in dispute shall exceed the sum of $300; and by the terms of articles 829 and 839 of the Code of Practice, a writ of *mandamus* must be issued by a court of competent jurisdiction, and can only be directed to a tribunal of inferior jurisdiction by the court which exercises appellate jurisdiction over the former. Thus, it is clear, that having no appellate jurisdiction in this case, we cannot grant the *mandamus* applied for, and that to do so would be a violation of the constitution.

We have uniformly held, that the authority given to this court by the Code of Practice, to grant writs of *mandamus,* must be considered in relation to the constitution, which allows to this court appellate jurisdiction only; and its mandates should be confined to matters which have a tendency to aid that jurisdiction. 2 La. 89. 8 Ibid. 80. Here, how could we say that the writ applied for has a tendency to aid our jurisdiction, since, the matter in dispute being under $300, the case could never be brought before us by appeal.

*Rule discharged.*