## 5562.

### (Court of Appeal, Parish of Orleans.)

# DUFOUR BERTRAND FEED COMPANY vs. SYLVAIN DEDEBANT.

1. The holder of a note cannot, as such, recover thereon, unless it be payable in terms, or in fact, to bearer.

2. The ownership of notes payable to order may be acquired either by original acquisition from the drawer, or by endorsement, or by assignment (which need not be in writing, Hughes vs. Harrison, 2 La., 89).

3. The presumption is that a note not endorsed, is the property of the payee. This presumption is not overcome by the mere fact of the note being in the physical possession of a third person; but it may be rebutted by evidence showing that such third person is the true owner and *bona fide* holder thereof.

4. Where the evidence does not enable the Appellate Court to pronounce definite judgment for either party, the cause may be remanded for further proceedings. C. P., 906.

Appeal from the Civil District Court, Division "A."

C. I. Denechaud, for plaintiff and appellee.

P. L. Fourchy, for defendant and appellant.

Jas. O'Connor, attorney.

ST. PAUL, J.—Plaintiff sues on promissory notes drawn by defendant and payable to the order of People's Bank and Trust Company, but not endorsed by the payee. It sues as holder and owner thereof; but as the notes are not payable to bearer, the holder thereof cannot, as such, recover thereon. Plaintiff may therefore recover

— 321 —

thereon only by showing that it is the true owner and bona fide holder of the notes.

The ownership of notes payable to order may be acquired either by original acquisition from the drawer, or by endorsement, or by assignment (which need not be in writing. **Hughes vs. Harrison, 2 La., 89).**

The notes themselves show that they were not acquired by endorsement no assignment written or verbal is shown from the payee, and the evidence does not show with clearness the original acquisition of the notes by plaintiff from the drawer thereof.

The presumption therefore is that the notes are the property of the payee. And this presumption is not overcome by the mere fact of the notes being in the physical possession of a third person; but it may be rebutted by evidence showing that such third person is the true owner and bona fide holder thereof.

Some evidence to that effect was adduced herein, but not sufficient in our opinion. Plaintiff should have shown affirmatively not only the consideration on which the notes were founded, but to whom they were given originally, and that the payee had no title thereto or interest therein. This however is not clearly shown; moreover, one of the notes is stamped "paid" followed by the remark in writing that payment was made by plaintiff. But no explanation of this is given, and the writing is not identified.

We think that with the record in its present shape the judgment appealed from cannot stand; but the evidence is not such as to enable us to render definite judgment for either party.

And seeing no reason to burden the parties hereto with the costs of a new suit, we shall exercise the power vested in us by Article 906 of the Code of Practice and remand

the case for further proceedings according to law.

Moreover there is an additional reason for remanding instead of dismissing the suit. We find in the record an exception of vagueness which appears to us well taken. Plaintiff should set forth with precision by what title it claims the ownership of the note, since plaintiff's ownership does not appear from their face. The petition should therefore be amended within a reasonable delay, or be dismissed.

Naturally any execution, heretofore taken out under the judgment herein set aside, falls with the judgment itself but may be renewed should plaintiff succeed in securing a new judgment herein.

It is therefore ordered that the judgment appealed from be set aside, and it is now ordered that this cause be remanded to the Court a qua to be proceeded with according to law and the views herein expressed; plaintiff, appellee, to pay the costs of this appeal and the costs of the Court below to await the final determination of the cause.

May 27th, 1912.

————o————

5582.

(Court of Appeal, Parish of Orleans.)