*HUGHES vs HARRISON AT AL.*

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT THE JUDGE OF THE FIFTH PRESIDING.

A promissory note made payable to order is transferrable by endorsement, only to enable the endorser or assignee, to endorse it over, or to resist the drawer's claim for compensation of sums due him from the transferor, on account of payment made before transfer, or before the note became due.

But the holder or payee of a note even payable to order, may transfer all his interest in it without endorsing it, in like manner as in a cession of goods or consignment to trustees.

Parol testimony is admissable to prove the sale and transfer of a note payable to order, without endorsement, or written transfer.

M

Western District.
October, 1830.

HUGHES
vs
HARRISON & AL.

One of the payees of a promissory note, who together with the other, have sold or exchanged it without recourse on them, is a competent witness to prove the consideration for which the note was given.

Benjamin & Jemima Harrison (the husband and wife) executed their joint promissory note to Ailes & Morris, *or order*, for $482. 16, dated January 1, 1827, payable the 1st. of May following. The note was given for merchandize sold, principally for the *use of the wife* and on her credit. Ailes and Morris sold or exchanged the note with the plaintiff by parol agreement; the latter taking it without recourse on the payees (Ailes and Morris).

Ailes, one of the original payees was called as a witness to prove the consideration of the note. His testimony was objected to, because he was an interested witness; the objections were overruled, and his testimony received. He proved that the goods for which the note was given, were principally furnished to Mrs. Harrison, one of the defendants, at her plantation. That she was separated in property from her husband in October 1827, soon after the execution of the note; and became the separate owner of the plantation and negroes for the use of which, the articles of merchandise for which the note is given, were purchased.

The defendant Harrison plead a general denial. There was judgment for the plaintiff against both defendants *in solido*, for the amount of the note sued on,—they appealed.

*R. C. Scott* for plaintiffs. This case presents two questions:

1. Can the wife legally bind herself conjointly with her husband for debts contracted during marriage, under circumstances like these: he insisted she could. La. Code—Art. 2412—7 Mar. N. S. 64.

2. Can the holder of a promissory note payable to order, shew by parol testimony that he is the *bona fide* holder of it, without its being endorsed, or any written transfer, and recover on it? He maintained the affirmative. La. Code, 2612.—1. Mar. N.S. 301.

*Flint* for the defendants, contended for the following positions.

1. The wife cannot bind herself jointly with her husband for debts of his contracting, during marriage.

2. The plaintiff cannot recover because he shews no right of action or of property in the note sued on, either by endorsement or other written transfer. Chitty on bills—146, 155. 162.—La. Code. 1900. 2141.

*Martin* J. delivered the opinion of the Court. This case was remanded from this Court at its last term. (8 Mar.— N. S. 297). The judgment having been reversed withou there being an answer to the amended petition, or any judgment by default.

On the return of the case to the District Court, the defendants still continuing to neglect to answer, a judgment was taken by default, which was afterwards made final.

The record shews it was admitted the defendants were husband and wife.

Ailes, one of the original payees of the note, deposed that no written assignment of the note sued on was made to the plaintiff; but the witness and Morris the other payee, gave it to the plaintiff in discharge of a debt of Morris, which the plaintiff was authorised to receive; and for which he gave Morris a discharge. Taking the note without any recourse on the witness or Morris. All this was done with the consent of the witness. The articles in payment of which the note sued on was given, were delivered by the witness then in partnership with Morris; and though charged to the husband and wife, were for the use of the wife, her children and slaves, and furnished on her responsibility; the husband being then insolvent and without credit.

It has been contended in this Court that:

1. The note was transferrable by endorsement only.

2. That the witness [Ailes] was incompetent to testify as to the consideration of the note.

Western District.
*October*, 1830.

Hughes
*vs.*
Harrison & al.

A promissory note made payable to order is transferrable by endorsement only, to enable the endorser or assignee, to endorse it over, or to resist the drawer's claim for compensation of sums due to him from the transferor, or account of payment made before transfer, or before the note became due

But the holder or payee of a note even payable to order, may transfer all his interest in it without endorsing it, in like manner as in a cession of goods or assignment to trustees.

Parol testimony is admissable to prove the sale and transfer of a note payable to order, without endorsement, or written transfer.

One of the payees of a promissory note, who together with the other, have sold or exchanged it without resourse on them, is a competent witness to prove the consideration for which the note was given,

It is true it is said in the books, promissory notes payable to order, are transferrable by endorsement only : we understand by this that without an endorsement, the assignee is not invested with the right of endorsing over the note, or resisting the drawers claim for compensation of sums due him by the transfer, or on account of payment made before the transfer, and before the note was due. But he certainly can transfer his interest therein without endorsing the note, as is done in the case of a cession of goods or an assignment to trustees for the benefit of creditors. Endorsable paper, passes also by the assignment of law to executors, curators, heirs &c.

An assignment of personal property may be proved by witnesses.

Ailes, the witness appears from his testimony to be totally desinterested. The note having been taken by the plaintiff without any recourse. He therefore was competent to prove the consideration of the note.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.