## LAURA SCOTT *v.* JOHN McDOUGALL.

Where a promissory note has been transferred, by a verbal contract, without the indorsement of the payee, such verbal transfer cannot have the effect of an indorsement and give the paper a character of negotiability.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Elmore & King*, for plaintiff. *A. T. Steele*, for defendant and appellant.

MERRICK, C. J. The plaintiff, the widow of *R. L. Scott*, deceased, held a promissory note against *Daniel Mayes*, in Mississippi, payable to *R. L. Scott*, for $800 and interest.

*Mayes* declined paying the note to plaintiff, because no letters of administration had been granted the plaintiff, a resident of Texas.

Her Attorney obtained in the courts of Mississippi letters *ad colligendum*, and thereupon *Mayes* transferred, (in payment of the note due to *Scott's* estate,) verbally and without indorsement, the note sued upon, which is in these words :

"March 1st, 1853.

$1060. One year after date, I promise to pay to the order of *Daniel Mayes* one thousand and sixty dollars, for value received.

    (Signed)                   JOHN T. JETER.

    (Endorsed)              JNO. McDOUGALL."

"This note is made for purchase of land, as per deed given 20th of April, A. D. 1853."

    (Signed)                   J. D. MAYES."

"Received one hundred and sixty dollars and sixty cents on the within note."

    (Signed)                   J. D. MAYES."

: The *J. D. Mayes* whose name appears above is the son of the payee of the note.

Judgment was rendered against *McDougall*, as surety on the note for the remainder due, and he appeals.

The defendant contends that the plaintiff has shown no title in herself and cannot recover.

Had the note been indorsed by the payee, it then would have been transferable by delivery, and under the authority of *Montgomery* v. *Myers*, 2 An. 276, the action probably could have been maintained in plaintiff's name.

But instead of a transfer by delivery under an indorsement in blank, plaintiff claims title in virtue of a special verbal contract in no manner resting upon the commercial law. It is evident that such verbal transfer cannot have the effect of an indorsement and give the paper a character of negotiability. See *Burton* v. *Chaney*, 3 An. 338 ; 2 L. R. 91, 92 ; 14 L. R. 423. At most, it can only have the effect of transferring the thing, the promissory note to the transferee. And this latter must transfer it in the same manner, for the paper having been taken out of the forms of commercial usage, becomes subject to the rules governing ordinary contracts.

The transfer in the present case was made to *Seal*, who held the letters *ad colligendum*. The transferror expressly denied the right of the plaintiff to the note. *Seal* had no power except what was conferred upon him by the laws of Mississippi. And the power thus conferred ceased when he caused his letters *ad colligendum* to be dismissed.

It is not shown that any principal administration was ever granted upon *R. L. Scott's* estate, nor that the plaintiff was entitled to *Scott's* property in virtue of a will, although she claimed such right, which was disputed by *Mayes*.

The only shadow of title which plaintiff can have under the evidence, arises from the fact that *Seal*, after he found he could not collect the note from *Jeter*, forwarded the same to *W. A. Elmore, Esq.*, of this city, for collection for the plaintiff.

This does not appear to us to be sufficient. *Seal* himself ceased to have power over the paper when his letters *ad colligendum* were dismissed. The plaintiff acquired no rights under *Seal's* partial administration. The letters of the latter being dismissed, and there being no principal administration upon *Scott's* estate, *Seal* does not appear to have the interest of a bailee in the note, and could hardly maintain an action in his own name on the note. The plaintiff does not pretend to sue as his agent, nor does she set up any transfer from *Seal* as administrator, even if the auxiliary administration could confer on him the right to transfer the *choses in action* of the estate.

It is possible that plaintiff may have a claim to the note as legatee, or by some other title which does not appear in this record, and we shall render a judgment of nonsuit.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of defendant as in case of nonsuit, with costs in both courts.

Voorhies, J., absent.