GRIFFIN & DYSON *v.* COWAN, DYKERS & CO.—COWAN, DYKERS & CO. *v.* GRIFFIN & DYSON.—JOHN M. BELL, Syndic, R. L. MAITLAND and FELT & REED, Intervenors.

A mortgage note can be transferred without the necessity of endorsement, or a written assignment. The general rule of evidence relative to contracts and obligations, established by Art. 2257, applies as well to commercial paper, there being no law excepting it from the operation of this rule.

The want or failure of consideration of a note, or its illegality, may be established by parol, and the parties to the instrument have the right to inquire into the consideration.

APPEAL from the District Court of the Parish of Franklin, *Mayo*, J. *McGuire & Ray* and *C. H. Morrison*, for *Griffin & Dyson. Francis Harper*, *T. J. Semmes* and *G. H. Wells*, for *R. L. Maitland & Co. W. A. Jones*,

GRIFFIN      *Geo. S. Lacey* and *R. McK. Spearing*, for *Cowan, Dykers & Co.*, and *Felt &*
v.            *Reed*, and *John M. Bell.*
COWAN.

VOORHIES, J.   The opinion prepared by the District Judge contains a clear exposition of the facts and of the law involved in this cause.

But before disposing of this matter, it is necessary to pass upon the bills of exception, which are spread on the record.

1. This suit commenced by an order of seizure and sale; but, an injunction being sued out, it assumed the form of an ordinary action. The defendants in injunction filed an amended answer for that purpose. The plaintiffs objected, on the ground that the character of the suit was thereby changed. The court overruled the objection, and allowed the amendment.

The plaintiffs being appellees have no interest, in this court, to be heard on that point.

2. The objection raised to the testimony of *Thomas J. Semmes*, presents the question, whether a mortgage note can be transferred otherwise than by endorsement or written assignment.

" Contracts and agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances." C. C. 2257. Such is the general rule upon the subject of contracts and obligations; and it applies as well to commercial paper, there being no law excepting the same from the operation of this rule. C. C. 2612. *Jones* v. *Elliott*, 4 An. 303. In the case of *Hughes* v. *Harrison et als.*, 2 La. 91, the court held that parol testimony was admissible to prove the sale and transfer of a note payable to order. *Scott* v. *McDougal*, 14 An. 309.

3. The intervenor, *John M. Bell*, syndic, offered to interrogate, as a witness, *D. H. Cowan*, one of the plaintiffs in this cause; but, upon the objection of the intervenors, *R. L. Maitland & Co.*, the party was not allowed to testify. This bill of exceptions need not have any further consideration, in as much as the testimony of the party was had, upon the same subject-matter, by means of interrogatories on facts and articles.

4. The objection that the agency of *R. G. Abbot* could not be shown by parol evidence loses its importance from the fact, that it appears, of record, that the principal ratified his acts.

5. The course pursued by all the parties, in the court below, in inquiring into the consideration of the two notes executed by *Griffin & Dyson* in favor of *Cowan, Dykers & Co.*, would dispense us from pronouncing upon the last bill of exception. The court allowed the defendants to introduce proof by parol, to show the real consideration of the notes sued upon, under their allegations of error and fraud.

It is well settled that the want or failure of consideration of a note, or its illegality, may be established by parol; and that the parties to the instrument have the right to inquire into the consideration.

For the reasons given by the District Judge, it is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.