No. 10,965.

### B. PENOUILH, TUTOR, vs. S. ABRAHAM.

A writ of seizure and sale is not prematurely issued when one instalment of the debt is due.

The property should be sold for cash to meet the matured note, and on terms of credit to correspond with the unmatured notes.

When the prayer of the petition asks that the mortgaged property be sold for cash to pay one instalment which is due, and the balance of the price on credit to meet other instalments not due at the time, and all of the unmatured instalments fall due before the case is disposed of, the court may order the sale for cash to pay all matured instalments.

APPEAL from the Twentieth District Court, Parish of Lafourche. Beattie, J.

*E. A. O'Sullivan* for Plaintiff and Appellant.

*L. P. Caillouet* for Defendant and Appellee.

The opinion of the court was delivered by

McENERY, J. This case, on substantially the same issues, has been before this court at two terms, and the facts in the case and the law governing them are fully set forth in 42 An., page 326, and 43 An., page 214.

In the first case, all the defences urged by the plaintiff in injunction, in the proper interpretation of the agreement therein referred to, except as to the time when the payments should commence, were effectually, and we had hoped finally, disposed of.

In the last case the plea of *res adjudicata*, filed by defendants, was overruled and the case remanded to be tried on its merits.

The District Judge in his written opinion reviewed the history of the case in the several phases of this protracted litigation. He properly concluded that in the 43 An., page 214, in referring to what was said in the reasons given for refusing a rehearing in the case reported in 42 An., we made no suggestion as to the date from which the time granted to the debtor should commence to run.

In this case we said: "In the course of our opinion on the application for rehearing, we accepted as true the claim that under the agreement the delays granted ran from its date."

The language was qualified in the succeeding paragraph, which is copied and commented on in this case.

The judge *a quo* therefore concluded that the only issue before him was as to the time when the delay commenced.

Taking it for granted that we had fixed September 12, 1888, as the time from which the delay should commence, the plaintiff in the order of seizure and sale alleged this date from which the maturity of the notes should date. The District Judge fixed the date January 5, 1889, the date of the purchase of the mortgaged prcperty by Abraham, when as stated in the opinion in 42 An. the *status* of the parties was fixed.

The agreement fixed no date for the delay. Abraham was to sell to the tutor of the minors, their portion of the plantation held in indivision, when he should get possession and ownership of the property through the contemplated partition proceedings.

The price was the amount of that indebtedness with costs added. The partition suit was abandoned and Abraham became the owner of the property through another judicial process. The only means of now executing the agreement is by allowing the time stipulated in it for the tutor to pay the indebtedness of the minors. The delay, therefore, could only commence from the time when Abraham was in a situation to carry out the agreement, when if the tutor had tendered the money he would have been able to transfer the property to him. He was in this position on the 5th of January, 1889.

When the order of seizure and sale issued, one instalment was due.

The writ did not therefore issue prematurely.

The District Judge rendered judgment dissolving the injunction, so far as it arrested the seizure and sale of the property, on the first instalment which was due and perpetuated the injunction for the credit instalments which had not matured, reserving to the seizing creditor the right to proceed upon the second and third instalments at the proper time and in proper form.

A special mortgage creditor whose claim is payable in instalments may on non-payment of any instalment have the property sold to pay the whole debt in cash for so much as is due, and for the remainder on terms of credit corresponding with the unmatured instalments. Code of Practice, Art. 686.

During the pendency of the injunction all of the deferred payments have become due. The defendant in the injunction prays to amend the judgment, so as to order the sale to be made for cash to pay all the matured instalments.

The court on dissolving an injunction against an order of seizure and sale for the payment in cash for an instalment due, and on time for those not due, may order the whole sale to be made for cash if the latter mature pending the injunction. Dwight vs. Richard, 5 An. 365; McCleland vs. Bideman, 5 An. 563; McCalop vs. Fluker, 12 An. 551.

All of the instalments secured by the mortgage not due at the time the order of seizure and sale issued have matured since the issuing of the injunction.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to dissolve the injunction absolutely and to order the sale of the property mortgaged for cash to pay the entire mortgage debt and interest, cost and attorney fees, as stipulated in the act of mortgage. In other respects the judgment is affirmed.