No. ——

First Circuit

———

CROWLEY LUMBER COMPANY, INC., v
DR. H. C. PLAFFER, ET AL.

———

(December 22, 1925, Opinion and Decree)
  (January 28, 1926, Rehearing Granted
in Part)
(December 22, 1925. Opinion and Decree.)
(January 28, 1926. Rehearing Refused.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—Par. 226, 234.**

A promissory note does not necessarily have to be transferred by endorsement or in writing but parol evidence is admissible to prove such transfer subject to the rule (if over $500.00) in Civil Code, Article 2277.

2. **Louisiana Digest—Mechanic's Privileges—Par. 37.**

Where lumber was delivered to two buildings there is a material man's lien on those two buildings which will be considered proven even though the percentage of the total lumber in each building is not definitely determined.

ON REHEARING

3. **Louisiana Digest—Mechanic's Privileges —Par. 28.**

The material men's privilege accorded by Article 3249 of the Civil Code cannot be in solido against two houses and lots. Therefore, if plaintiff does not prove which house the material went into he cannot have a material men's lien on that house and lot recognized by the court.

Appeal from Acadia Parish. Hon. W. W. Bailey, Judge.

Suit by Crowley Lumber Company, Inc., against Dr. H. C. Plaffer, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Medlenka & Bruner, of Rayne, attorneys for plaintiff, appellant.

P. S. Pugh, of Crowley, attorney for defendants, appellants.

MOUTON, J. January 15, 1921, a promissory note was executed reading: "I promise to pay to the Toler Lumber Yard the sum of $648.92, the consideration thereof, as therein expressed, being for sundry building materials used in the construction of buildings on certain lots situated in the city of Crowley." This note was signed by Dr. H. C. Plaffer and Mary E. Bonnette, defendants herein.

Plaintiff, as the successor of the Toler Lumber Yard, institutes this suit for $648.92 face value of the note, subject to a credit of $200.00; prays for recognition of the material man's lien on the lots and buildings, for its enforcement by the sale of the property, and for payment from the proceeds in preference to all other creditors.

The district judge rendered judgment as prayed for by plaintiff with the exception that he allowed an additional credit in favor of defendants on the note.

Defendants appeal.

The first question presented is as to whether plaintiff has legally acquired the ownership of the note sued upon. Defendants contend that the note was not endorsed by the Toler Lumber Yard, original payee, and for that reason there was no transfer of title thereto to plaintiff,

present holder. When this note was executed in favor of the Toler Lumber Yard, T. J. Toler was part owner thereof, and its manager. He testifies that the Crowley Lumber Company, plaintiff, took up the business of the Toler Lumber Yard, and that the note in question was transferred to it. It is not a sacramental requirement that a promissory note be transferred by endorsement or in writing. Parol evidence is admissible to prove such a transfer, subject, however, to the rule that if the contract for the payment of money exceeds $500.00, it must be established by at least one witness and corroborating circumstances. C. C. 2277; Hugh vs. Harrison, 2 La. 89; Griffin & Dawson vs. Cowan, et al., 15 La. Ann. 487.

T. J. Toler, by affidavit, declared that the co-partnership formerly constituting the Toler Lumber Yard had been dissolved, and that all its accounts and notes, including the one in contest, had been absorbed by incorporation with the plaintiff company. The affidavit of Toler is fully concurred in by the president of the Krauss & Mangan Company, former co-partner of the Toler Lumber Yard; also by the Crowley Lumber Company, plaintiff, through an affidavit by its treasurer.

Counsel for defendants objected to the introduction of these affidavits, contending they were ex parte documents, and not legal evidence. These affidavits were offered, excepting plaintiff, merely for the purpose of disclaiming title and as corroborative facts and circumstances in support of the testimony of T. J. Toler that the note sued upon had been assigned to plaintiff company. The objection of defendants was properly overruled, as these affidavits were admissible in evidence for the purpose above stated.

Counsel for defendants next contends that plaintiff accepted a promissory note subscribed by L. E. Carver in payment and extinguishment of the note sued upon. Carver and Mrs. Bonnett, the other defendant, say that the Carver note was accepted by T. J. Toler, then manager of the Toler Lumber Yard, in full satisfaction of the note in question. Toler denies this emphatically. He says the Carver note was given the Toler Lumber Yard as collateral security, and not in payment of the other.

Miss Ellis, a stenographer in the office of counsel for plaintiff, says that in a conversation over the phone with Plaffer, defendant, in reference to the note sued upon, he asked her if he was to pay it before it was collected on the collateral, which had been given as security. The not in contest was secured by a privilege on buildings and two lots in the city of Crowley, while the Carver note rested for its security on a building located in New Iberia, and not on lots or real estate. Besides, it was not quite equal in amount with the present note. It is not reasonable to believe that Toler would have accepted such a note in payment of the note he held. These facts, coupled with the testimony of Toler and Miss Ellis, make it impossible to accept as true the contention that the Carver note was accepted in payment of the other. Defendants have, therefore, failed to sustain their plea of payment. It is also contended by defendants that the value of the Carver note should be applied to plaintiff's note, because of the negligence of plaintiff to enforce and collect it while Carver was solvent. The proof shows that the Carver note, as before stated, was secured by a privilege on a building, and not on any land or realty.

Mrs. Bonnett did not deny, when questioned, that this building could have been

torn down, and that she could have lost her lien thereon as the holder of the Carver note. In answer to the question on this proposition she said her lawyers had told her she would still have a mortgage on the garage. The record shows that the attorneys for plaintiff company made demand on the Carver note without avail; that, through attorneys, in New Iberia, where the building securing the Carver note was located, they were informed that the mortgage securing its payment could not be found; that they were also informed that the house or building upon which the mortgage rested had been torn down and removed. Attorneys for plaintiff obtained judgment on the Carver note, but the evidence does not show that they could have realized any proceeds from this judgment, or could have collected any money on the Carver note when it was placed in their hands for collection. The proof fails to show that the Carver note was lost to defendants for the failure of the Toler Lumber Company or its attorneys to enforce its payment. Plaintiff company cannot be charged with its value for its failure to collect it on account of its inaction or negligence.

The record shows that the lumber for which the note at issue was given was used in buildings located on two lots, one belonging to Dr. Plaffer, the other to Mrs. Bonnett. Counsel for defendants says the evidence does not show the proportion of lumber used on each lot and that he does not see how it was possible for the district judge to recognize the lien on both lots.

There is no doubt that the lumber was used in the buildings belonging to the two defendants, and which were erected on lots, their property. In signing the note they incurred a solidary obligation, which carried a lien on the buildings and lots. Though it does not appear what was the exact amount of lumber furnished in each building, the lien certainly rested on the lots and buildings which the court properly ordered sold to pay the privilege of the plaintiff.

Judgment affirmed.

————

ELLIOTT, J. This rehearing was restricted when graded to the question of the correctness of our decree, affirming the judgment appealed from, recognizing a privilege in favor of Crowley Lumber Co., plaintiff, as successor of Toler Lumber Yard, as furnisher of building materials used by defendants, Dr. H. C. Plaffer and Mrs. Mary E. Bonnette, in the construction or repair of buildings situated on lots Nos. 3 and 4, Block 52, of the city of Crowley.

The record shows that defendants bound themselves in solido in the obligation sued on and admit the indebtedness evidenced by the obligation is for building material sold them by Toler Lumber Yard and used by them in constructing buildings on the lots stated, but on further examination of the law, C. C. Art. 3249, we are satisfied that defendants can not, by convention, consent or admission, create a special privilege in favor of a furnisher of materials as claimed by the plaintiff.

The plaintiff as assignee of Toler Lumber Yard, can have under the obligation sued on no greater rights in the matter of privilege than had its assignor. The evidence shows that Dr. Plaffer is the owner of one of the lots above mentioned with no interest in the other lot, and that Mrs. Bonnette is the owner of the other lot above mentioned, with no interest in the

other lot, and that each owns the building on the lot belonging to them, but the evidence does not show which lot they respectively own. The evidence shows that part of the building material in question was used by Dr. Plaffer in the construction or repair of the building on his lot and that Mrs. Bonnette used the other part in the construction or repair of the building on her lot; but the evidence does not show how much of the building material went into Dr. Plaffer's building, nor how much into Mrs. Bonnette's building.

The ownership of the defendants being separate, the privilege provided by the law, C. C. Art. 3249, can not be in solido. It can exist against Dr. Plaffer's lot and building thereon only for the building material used in its construction or repair and against Mrs. Bonnette's lot and building thereon only for the building material used in its construction or repair. It therefore follows, from the failure to show which lot Dr. Plaffer owns and how much of the building material in question went into his house situated thereon, that no privilege can be recognized as existing against the lot and house belonging to him. And from the failure to show which lot Mrs. Bonnette owns and how much of the building material in question went into her house situated thereon, no privilege can be recognized as existing against the lot and house belonging to her and our first opinion and decree to the contrary must be set aside.

For these reasons the judgment appealed from herein and our first opinion and decree will be now amended as follows: The judgment appealed from and our former opinion and decree to the extent that same recognizes the special privilege claimed by plaintiff, Crowley Lumber Company, against Dr. H. C. Plaffer and Mrs. Mary E. Bonnette, and the lots Nos. 3 and 4 of Block 52, city of Crowley, is annulled, avoided and set aside and the demand of plaintiff, Crowley Lumber Company, for recognition of privilege on said two lots is now refused and rejected as in case of non-suit. In all other respects our former opinion and decree is reinstated and, except as above otherwise provided, the judgment appealed from is affirmed.

Defendants and appellants to pay the cost in the lower court.

Plaintiff and appellee the cost of appeal.