(115 So. 629)

No. 28508.

**CITY SAVINGS BANK & TRUST CO. v. WILKINSON.**

Jan. 18, 1928. Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Bills and notes** ⟜150(1)—**Paving assessment note, unconditionally payable to town referring to assessment certificate, and providing for attorney's fee, if placed with attorney for collection, held negotiable "promissory notes" (Negotiable Instruments Law, § 57).**

Signed instruments, reciting place and date, and that "on or before October 24, 1925, I

165 LA.—13

promise to pay to the order of town of (S. H.) $219.35, with 6 per cent. annum interest * * * and 10 per cent. additional on principal and interest if this note is placed in the hands of an attorney for collection after maturity as per special paving certificate hereto attached," *held* "promissory notes," and hence negotiable under Negotiable Instruments Law, § 57 (Act No. 64 of 1904).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promissory Note.]

2. **Bills and notes** ⟜365(1)—**Holder, taking negotiable paving assessment notes in due course, acquired perfect title, regardless of inclusion of improper charges (Negotiable Instruments Law, § 57).**

Holder, taking negotiable promissory notes for special paving assessments, in due course, acquired perfect right as against maker under Negotiable Instruments Law, § 57 (Act No. 64 of 1904), and hence contention that town included improper charges in paving certificates for which it had no liens, and that holder of notes acquired no greater right than payee, was untenable.

3. **Municipal corporations** ⟜519(1)—**Maker, attaching certificates that notes were secured by liens on land, and making certificates parts of notes by reference, held estopped to deny liens as against holder in due course.**

Maker of notes for special paving assessments, who attached certificates that notes were secured by liens on his land, and made certificates parts of notes by reference thereto, *held* estopped to deny fact of liens as against holder of notes in due course.

4. **Municipal corporations** ⟜519(1)—**Paving assessment notes secured by liens held sufficiently identified with ordinances.**

Notes for special paving assessments, secured by liens on land, *held* sufficiently identified with ordinances under which liens arose, though other ordinances were passed on same day referring to paving of different streets, since id certum est quod certum reddi potest.

5. **Municipal corporations** ⟜575—**Where judgment on notes secured by liens on land requires sufficient of sale price to be cash to pay matured notes, sheriff should, require sufficient additional cash to cover additional notes maturing before sale (Code Prac. art. 686).**

Where judgment on series of paving assessment notes, maturing at different dates, and secured by liens on land, requires sufficient of sale price of land to be in cash to pay matured

notes, and allows balance of sale price to be on credit, sheriff should require sufficient additional cash to cover additional notes which mature before sale, under Code Prac. art. 686.

## 6. Municipal corporations ⬡⇒586—Paving assessment notes held to authorize attorney's fees only on notes matured before or pending suit.

Where paving assessment notes provided for payment of attorney's fees, if they should be placed in hands of attorney for collection after maturity, attorney's fees *held* allowable only on notes which matured before suit or during its pendency.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by the City Savings Bank & Trust Company against J. V. Wilkinson. From a judgment in favor of plaintiff, defendant appeals. Judgment amended, and as amended affirmed.

W. H. Scheen, of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ST. PAUL, J. This is a suit upon 64 promissory notes aggregating $6,215.57, divided into 16 series of four notes each; said four notes in each series maturing respectively in one, two, three, and four years. Said notes are now sued upon by a bona fide holder in due course, and were all executed (or assumed) by this defendant. All are of like date and tenor, except as to amount and reference to certificate number, and hence it will suffice to reproduce one of them, as follows:

"South Highlands, La., Oct. 24th, 1924. On or before Oct. 24th, 1925, I promise to pay to the order of the town of South Highlands, La., $219.35 with 6 per cent. annum interest (payable annually as per coupons attached) from Oct. 24th, 1924, and 10 per cent. additional on principal and interest if this note is placed in the hands of an attorney for collection after maturity, as per special paving assessment certificate hereto attached. [Signed] J. V. Wilkinson."

Which note is identified by the town clerk of South Highlands as note No. 1 of certificate No. C-5; and the "special paving assessment certificate" referred to and attached to said note, and signed by the aforesaid town clerk, reads as follows:

"Special Paving Assessment Certificate No. C-5. ($877.40). South Highlands, La., Oct. 24th, 1924. In accordance with Act 187 of 1920 of the General Assembly of the state of Louisiana and acts amendatory thereof, and an ordinance of the town of South Highlands, of date Oct. 24th, 1924, this certifies that $877.40 payable to the order of the town of South Highlands, La., with 6 per cent. interest per annum thereon (payable annually as per coupons attached) from Oct. 24th, 1924, is due by J. V. Wilkinson on property owned by himself fronting on Lawhon and Carlton streets in the town of South Highlands, and described as follows: Lot 1, block 24, F. H. subdivision; and is payable in four equal annual installments, as evidenced by the four promissory notes attached hereto. maturing respectively in one, two, three, and four years from date, or sooner at the option of said J. V. Wilkinson."

### I.

The defense is that the town illegally included in said paving certificate certain charges which it had no right to include therein, and for which it has no lien or privilege upon his property; that the holder of said notes acquired no greater right than the town had; that said notes are not sufficiently identified with the particular ordinance under which the paving lien or privilege arose.

### II.

[1, 2] The instruments herein sued upon are "promissory notes" according to every legal definition thereof; and, being promissory notes, they are "negotiable." But it is of the *essence* of "negotiability" that the taker in due course of a negotiable instrument acquires an indefeasible right, and therefore a perfect right, against the maker thereof. Act No. 64 of 1904, § 57; Negotiable Instrument Law. It is therefore in this one respect that negotiability differs fundamen-

tally from mere assignability or transferability; that the taker of a negotiable instrument may acquire a better right than his author may have had. The proposition that plaintiff acquired only such right as the town had is therefore untenable. And, if the town has done anything to the prejudice of defendant's rights, it is to the town, and not to this plaintiff, that defendant must look for redress. Plaintiff is clearly entitled to recover from defendant the full amount of the notes sued upon.

### III.

[3] When defendant extended his promissory notes, attaching thereto, and making part thereof by reference, the certificate showing that said notes were secured by paving lien and privilege upon his property for the full amount thereof, it is clear that he effectively estopped himself from urging, to the prejudice of any future holder thereof in due course, that said notes were not so secured. See Davis v. Welch, 128 La. 785, 55 So. 372, and authorities there cited. To hold otherwise would be to destroy the value of every security issued and dealt in on the faith of any such declaration; for, if men may place no reliance on the solemn representations of other men as to existing facts, then it is quite certain that they can put no faith whatever in their promises as to future performances.

### IV.

[4] The contention that said notes are not sufficiently identified with the particular ordinances under which each lien arises is without merit. It may be true that a number of different ordinances were passed on the same day, all relating to paving, but "id certum est quod certum reddi potest," and we feel quite sure that no one would have any difficulty in determining that a lien for paving in front of property on any given street resulted from an ordinance relating to the paving of that particular street, no mat-

ter how many ordinances might have been passed on the same day relating to the paving of other streets.

### V.

[5] When this suit was filed (July 29, 1926), only the first note of each series had matured, and the trial judge ordered the property sold for cash for a sufficient amount to pay matured installments and on corresponding credits for the unmatured portions. C. P. Art. 686. Since then two more installments have matured, leaving only one installment still unmatured. The sheriff will therefore now have to demand a larger proportion of the price in cash. Keenan v. Ahern, 34 La. Ann. 885, 887; Penouilh v. Abraham, 44 La. Ann. 188, 10 So. 676, and authorities there cited.

We make mention of this, not only because it is appropriate to the case, but also because of its bearing on the question of attorney's fees.

[6] The trial judge allowed attorney's fees on the whole amount of the debt both matured and unmatured. But without at present questioning the correctness of certain decisions permitting this to be done, nevertheless we do not think it can be done in this case; for, as will be observed from the reading thereof, the notes in this case provide for an additional 10 per cent. (as attorney's fees) only "if the note is placed in the hands of an attorney for collection *after maturity*." (Italics ours.) Hence we think that plaintiff cannot, under such a stipulation, recover attorney's fees on the *unmatured* installments. However, as two more installments have become due as above said, and said installments are now actually in the hands of the attorney for collection *after maturity*, we think plaintiff is entitled to recover attorney's fees on all but the still unmatured installment of each series. That is the only respect in which we see any occasion for amending the judgment.

Decree.

The judgment appealed from is therefore amended by striking therefrom the provision for 10 per cent. attorney's fees "upon the entire amount of all said installments," and substituting in lieu thereof a provision for 10 per cent. attorney's fees "upon the entire amount of all installments past due at the time the sale takes place"; and, as thus amended, said judgment is affirmed. Plaintiff to pay the costs of this appeal, and defendant to pay all other costs.