THOMPSON, J.
 

 The defendant was sued as indorser on three notes aggregating $13,-000. The trial below resulted in the dismissal of the suit as in the case of nonsuit, from which judgment the defendant appeals and asks this court for an absolute judgment rejecting the plaintiff’s demand on two of the notes.
 

 The plaintiff has answered the appeal and asks for judgment on one of the notes and for the affirmance of the nonsuit as to the other two.
 

 The three notes purport to have been executed by one Fernand Cavalier and indorsed by the defendant, Robbert. The notes are identified in the petition by the letters “A,” “B,” and “C,” respectively. They are payable to the order of the Citizens’ Savings & Investment Company;" the first note being for $4,500, dated November 7, 1918, the second one for $4,500, dated November 20, 1918, and the third one for $4,000, dated December 16, 1918.
 

 It appears that, at the time the notes were executed, the plaintiff was president and general manager of the Citizens’ Savings & Investment Company, but in making the loans he used his own personal funds, intending to turn the notes over to the company and obtain reimbursement. The company refused to recognize the loans, and refused to accept the notes, but, as the notes were made payable ito the; company, the latter executed an acknowledgment of the ownership of Maddox, and assigned all interest to him' which the company might have had by reason of being named as the payee of said notes.
 

 There was no indorsement of the notes to Maddox by the original payee, and the assignment just referred to was not intro
 
 *697
 
 duced. in evidence. These facts, it is urged by the defendant, justify the judgment of nonsuit on the first-described note.
 

 We are unable to agree with this contention. The fact of assignment of the note to the plaintiff was fully set out in paragraph 7 of the plaintiff’s petition, and the said assignment was attached to and made a part of the plaintiff’s petition. It is further alleged in paragraph 6 of the plaintiff’s petition that the notes sued on and described in the petition are the property of the plaintiff, although said notes are payable to the Citizens’ Savings & Investment Company. It is further alleged in paragraph 3 of the peti-. tion that the plaintiff is holder and owner of the three notes described.
 

 These allegations of fact as to the assignment to the plaintiff and his ownership, in so far as they relate to the first note described, are not denied anywhere in the answer, either categorically or qualifiedly. The only answer made to paragraphs 6 and 7 is the same as that made to paragraph 5, which was that the defendant did not have sufficient information to justify a belief in regard to the allegations of that paragraph. This was clearly not a denial of the allegation of assignment to and ownership of the notes by the plaintiff. The paragraph 5 of the plaintiff’s petition simply alleged that the notes were past due, and nothing had been paid thereon, and made no reference to ownership.
 

 In further answer, the defendant admitted that he indorsed the note of Fernand Cavalier, dated November 7, 1918, for $4,500, payable in 60 days to the order of the Citizens’ Savings & Investment Company, “but he does not know that the note herein sued on is the identical note which your respondent indorsed.”
 

 On the trial of the case, the plaintiff was presented with the notes, identified them, and testified that they were his property. The three notes were then introduced and filed in evidence without objection on the part of the defendant, except as to the second and third notes.
 

 The plaintiff also placed a witness on the stand and proceeded to ask him concerning the execution of the assignment of the notes to the plaintiff, when the defendant objected on the ground that it was immaterial whether the assignment was good or bad, since the only question in the case was that of forgery, which was alleged against the second and third notes.
 

 In these circumstances, we think the plaintiff was not called upon to file the assignment in evidence.
 

 But, even if that were.not true as a legal proposition, we think the plaintiff has legally established his ownership of the first note, and has fully identified it as the note signed by the defendant, and, particularly in view of the fact that the defendant admits signing
 
 the note
 
 sued on, or
 
 a note,
 
 if you will, bearing the same date, same maturity, same amount, and same payee, as the one alleged upon and designated as “A.”
 

 There was no denial of the signature as indorser on this particular note, and there was no allegation of forgery as to this note. If the indorsement upon the note was not genuine, the defendant was called upon to allege that fact; otherwise he must be held to have admitted the signature.
 

 “When the demand is founded on an allegation, 'or an act under private signature, which is alleged to have been signed by the defendant, such defendant shall be bound in his answer to acknowledge expressly or to deny his signature.” C. P. art. 324.
 

 And an indorser who does not specially deny his signature on a note will be considered as having admitted under the rule of article 2244 of the Civil Code. Union Nat. Bank v. Succession of Lee, 33 La. Ann. 301.
 

 
 *699
 
 The defendant cannot avoid the effect of this rule and prevent recovery on the note by simply saying that he does not know if this is the same note that he indorsed, which is to say that he does not know his own signature; particularly is this true after his judicial admission that he had indorsed a note exactly similar to the one sued on.
 

 Turning back to the question of the failure of the plaintiff to introduce the assignment, the contention of the defendant seems to be that, in the absence of such written assignment and the lack of indorsement of the paper transferring the note, the plaintiff has failed in his proof of ownership.
 

 We have already shown that the plaintiff has established, by his verbal testimony and by the allegations of his petition, which the defendant did not see fit to deny in his answer, the ownership of the notes sued on.
 

 It is a mistake to say that the' title or ownership of a note can only be transferred by an indorsement or written assignment.
 

 It was held, as far back as 1830, that a note payable to order may be transferred without indorsement, and that the transfer can be proved by parol testimony. Hughes v. Harrison, 2 La. 89.
 

 And the ruling in the above ease was approved in Scott v. McDougall, 14 La. Ann. 309, and in Griffin and Dyson v. Cowan, Dykes & Co., 15 La. Ann. 487.
 

 Our conclusion is that the plaintiff has established his ownership of the note first described in his petition, and is entitled to judgment thereon.
 

 As to the other two notes, the defendant specially alleged that his signature as indorser thereon was a forgery, and the plaintiff offered no proof to rebut the charge.
 

 .Article 325 of the Code of Practice declares that, if the defendant deny his signature in his answer, or contend that the same has been counterfeited, the plaintiff must prove the genuineness of such signature.
 

 It is conceded by plaintiff’s counsel that the burden of proof was upon the plaintiff to establish the genuineness of the two notes, but it is urged that it was through inadvertence and oversight on part of counsel that such proof was not offered, and was not due to any indifference or lack of due diligence on the part of the plaintiff. For this reason,' it is argued that the judgment of nonsuit was properly rendered, and that the plaintiff’s right to again sue on the notes should not be cut off by a final judgment.
 

 On the other hand, the defendant contends that the plaintiff has had his day in court, and, having failed to make the proof required of him, the judgment of nonsuit should be changed to a final judgment rejecting the plaintiff’s demand on the two notes.
 

 Counsel for defendant relies on the case of Dupré v. Richard, 11 Rob. 495, 43 Am. Dec. 214. That was a suit against an accommodation indorser, and the issue presented was whether the note had been presented and payment demanded by the notary.
 

 The court found that the note had not been presented for payment, and it did not appear from the statement of the notary that he ever had the note in his possession.
 

 The court rejected the plaintiff’s demand, and refused to qualify the judgment “as in case of nonsuit.”
 

 The court said that the plaintiff has had a fair opportunity to make out his case and has failed.
 

 “We do not feel authorized, on a mere supposition that the notary might testify to something to help out his protest, to subject) the defendant to the expense and trouble of defending another suit.”
 

 The ruling can hardly be applied in this case. Nor do we understand that the court there intended to lay down the doctrine that, in all cases where the plaintiff has had an opportunity to make out his case and has failed for one reason or another, the plaintiff will be shut out by a final judgment.
 

 
 *701
 
 If the court so intended, it is not in accord with the later jurisprudence.
 

 In Rosenthal v. Pierson, 116 La. 96, 40 So. 543, it was held that, where it seems probable that the failure to offer the necessary evidence to establish a demand was merely the result of misapprehension as to th§ effect of the evidence offered, the judgment should be one of nonsuit.
 

 A ease quite similar to the one here presented on the question of the burden of proof is that of Coignet v. Nelson, 128 La, 414, 54 So. 925.
 

 The question at. issue there was the prescription of a note on which executory process had issued. The. defendant enjoined on the ground that the note was prescribed. In answer to this plea, the plaintiff, in executory process, alleged that the note had been taken out of prescription by payments and by acknowledgment, but failed to prove those facts, and the ease was submitted on the face of the papers, the counsel for defendant in injunction being of the impression that proof of payments and acknowledgment was not required, because it was thought that the petition for injunction admitted the allegations of interruption.
 

 The district court rendered a judgment of nonsuit, but the Court of Appeal made the judgment absolute.
 

 This court reversed the Court of Appeal and reinstated the judgment of the district court.
 

 In the course of the opinion the court said:
 

 “We have not found a single decision in which the issues were quite similar but what the court decided mot to absolutely cut off the one dismissed from asserting his alleged claim in another suit.”
 

 In the instant case the issue of forgery was presented only by the pleadings. There was no proof offered to rebut or to sustain the charge of forgery; the counsel for plaintiff being under the impression that the defendant carried the burden of proving the alleged forgery. In these circumstances, we think the judgment of nonsuit was properly entered.
 

 The judgment appealed from is therefore amended so as to allow the plaintiff judgment against the defendant for the sum of $4,500, with 8 per cent, per annum interest from January 7, 1919, till paid, together with 10 per cent, thereon as attorney fees, and, as thus amended, the said judgment is affirmed, the defendant to pay all costs.
 

 ROGERS, J., recused.