(121 So. 763)

No. 27776.

GAINES v. FITZGIBBONS.

March 25, 1929.

F. Rivers Richardson, of New Orleans, for appellant.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff sues on two promissory notes drawn by defendant to his own order and by him indorsed, each for the sum of $1,750 with interest, etc.; said notes bearing on their face that they are "subject to the conditions set forth in the act of sale with which this note is identified."

Plaintiff sues as the holder of said notes and as transferee thereof from the original holder, and alleges that the conditions under which said notes were payable have been fulfilled.

An exception of no right or cause of action was sustained by the court below on the ground that:

These notes, in the opinion of the court, are not negotiable, and hence are not transferable by mere delivery.

■ We agree with the trial judge that these notes are not negotiable, the promise to pay being "subject to" certain conditions, and hence not *unconditional.*

■ But the conclusion that the notes are therefore "not transferable by mere delivery" is not sound. For negotiability and assignability or transferability must not be confused. "It is * * * in this one respect that negotiability differs * * * from mere assignability or transferability; that the taker of a negotiable instrument may acquire a better right than his author may have had." City Savings Bank v. Wilkinson, 165 La. 385, 115 So. 629.

"Accordingly it is generally held that all claims and choses in action sounding ex contractu are assignable, including not only rights of action for breaches of contract, but also those based on negotiable and nonnegotiable instruments, and on judgments, bonds, book accounts, annuities, and similar choses in action." 2 R. C. L. 595 (Assignments, § 3).

"It may be stated as a general rule that a valid equitable assignment of a debt or other chose in action, whether evidenced by writing or not, may be made by parol, and usually it is not important whether an assignment is in writing or by parol." 5 Corp. Jur. 900 (Assignment, § 65). "As a general rule a valid assignment may be made of a debt or account by a mere delivery, with intent to assign, of a bill or statement of the account." 5 Corp. Jur. 904 (Assignment, § 70).

Corpus Juris, p. 905 (Assignments, § 72), has no application in this state; for in this state a chose in action may be assigned by parol, and such assignment proved like any other contract. Griffin v. Cowan, 15 La. Ann. 487.

And in Maddox v. Robbert, 165 La. 694, 115 So. 905, this court said: "It is a mistake to say that the title or ownership of a note can only be transferred by an indorsement or written assignment"—citing Hughes v. Harrison, 2 La. 89; Scott v. McDougall, 14 La. Ann. 309; Griffin v. Cowan, 15 La. Ann. 487.

We are therefore of opinion that the petition does show a right of action in plaintiff.

### Decree.

The judgment appealed from is therefore reversed; and it is now ordered that the exception of no right or cause of action be overruled, and that the case be remanded to the court below for further proceedings according to law; defendant to pay costs of this appeal, and all other costs to await the final result.