## DELTA LOAN CO. v. RILEY et al.
### No. 17319.

Court of Appeal of Louisiana. Orleans.
Jan. 27, 1941.

Casey, Babin & Casey, of New Orleans, for appellant.

Adam H. Harper, of New Orleans, for appellees.

McCALEB, Judge.

Plaintiff, Delta Loan Company, a commercial co-partnership, has sued the defendants, Curtis Riley, Louis Haynes and Charles Marie, for recovery on a certain non-negotiable promissory note executed by the defendants on May 30, 1939, for $170 which is payable to Delta Loan Company, Inc., a corporation. Plaintiff alleges that it is the holder and owner for value and before maturity of the note, which is identified with an act of chattel mortgage passed on May 30, 1939; that said note was transferred to it by Delta Loan Company, Inc., on June 20, 1939; and that the obligation is past due and unpaid.

To this petition, the defendants filed an exception of no right or cause of action and also an answer as required by the rules of the First City Court of New Orleans.

After a hearing, the exception of no right or cause of action was sustained by the trial judge and plaintiff's suit was dismissed. Hence this appeal.

The judgment appealed from is erroneous. Plaintiff alleges that it is the holder of the promissory note which is attached to its petition; that it acquired the note from the payee, Delta Loan Company, Inc., before maturity and that the obligation of the defendants is past due and unpaid. It is true that the note has not been endorsed by the payee, Delta Loan Company, but this is not necessary in order for the plaintiff to have a cause of action as assignee of the chose in action. It is the well settled law of this State that a promissory note need not be transferred by endorsement or written assignment; that mere delivery of the instrument is sufficient and that such delivery may be shown by parol evidence subject, of course, to the restrictions contained in Article 2277 of the Civil Code respecting obligations for the payment of money exceeding $500.00. See Gaines v. Fitzgibbons, 168 La. 260, 121 So. 763; Maddox v. Robbert, 165 La. 694, 115 So. 905; Crowley Lumber Co. v. Plaffer, 4 La.App. 606; Griffin & Dawson v. Cowan et al., 15 La.Ann. 487; and Jones v. Elliott, 4 La.Ann. 303.

Plaintiff's allegation that it is the holder and owner of the note, having acquired the same from the payee on June 20, 1939, is an averment of fact which must be considered as true on the trial of the exception of no right or cause of action.

Counsel for the defendants, however, contends that, from the allegations of the petition, the defendants are not informed as to whether plaintiff acquired the note by written or verbal assignment and that plaintiff has made it appear by its averments that it is the holder and owner for value and before maturity, that the note in contest is a negotiable instrument. These contentions are not meritorious. An examination of the note, which is attached to

the petition, shows that it is non-negotiable and that all of the defenses which the defendants may have against the payee of the note are available to them as against plaintiff, the assignee. With respect to the objection that plaintiff fails to allege whether it acquired the note by written assignment or by mere delivery of the instrument by the payee, it suffices to say that this question cannot be considered on the exception of no right or cause of action. If the defendants desire information concerning the plaintiff's title to the instrument, they may require plaintiff to supply it by an exception of vagueness.

For the reasons assigned, the judgment appealed from is reversed, the exception of no right or cause of action is overruled and it is now ordered that the case be and it is remanded to the First City Court of New Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. Costs of this appeal to be paid by the defendants-appellees, other costs to await the final determination of the cause.

Reversed and remanded.