Plaintiff sued to recover the price of fuel oil sold and delivered by him to the defendant, *Page 699 
that was consumed in the drilling of a well for oil in DeSoto Parish, during the months of December, 1943, and January, 1944. The quantities of oil sold and delivered, the price thereof, and dates of deliveries, follow, to wit:
"December 21, 1943, 50 barrels fuel oil $80.00 State tax .80 December 28, 1943, 32 barrels fuel oil 51.20 State tax .51 January 5, 1944 50 barrels fuel oil 80.00 State tax .80 January 10, 1944 50 barrels fuel oil 80.00 State tax .80 ------- $294.11 Less credit paid Dec. 28, 1943 20.16 -------- $273.95"
Before answering, defendant moved for a bill of particulars wherein he alleged that during said months he or his wife made several payments on the account with plaintiff, some to plaintiff's wife, some to his son, and others to his maid; that he is unable to answer the petition "until he has been furnished with an itemized statement of the amount of the payment and dates thereof"; and that he be not required to answer until this information is provided by the plaintiff. The motion was overruled. Answering, defendant pleaded payment of price of all oil purchased by him from plaintiff. He did not, however, set out how, when or to whom payment or payments were made. No details whatever are alleged by him in amplification of the plea.
The plea of payment was overruled, and judgment rendered for plaintiff for the full amount for which he sued. Defendant, after unsuccessful effort for new trial, appealed.
[1, 2] The motion for bill of particulars was properly overruled. It was designed to procure information that should more likely have been in the possession of defendant than in that of plaintiff. Payment is a special defense and the burden of proof to sustain same rests upon the pleader. He should not rely for success upon eliciting from his opponent a character of proof that he, himself, should be in a better position to give. In this instance, defendant did not allege that plaintiff had any records, which, if produced, would reveal the facts he sought to learn. The truth is, no such records were in existence unless in defendant's possession, as will be clearly disclosed from what we shall hereinafter say on the subject.
The method employed for the conduct of business between plaintiff and defendant was somewhat crude. Defendant needed fuel oil every few days to continuously prosecute drilling the well and plaintiff did what he could to keep him supplied with such fuel. The operation required about 20 gallons daily.
Plaintiff's business was conducted practically on a cash basis. He kept no books whatever. When defendant needed oil he would come to plaintiff's place of business or calf him or his wife on the 'phone and request that fuel be delivered at the well. Plaintiff's truck's capacity was 50 barrels and in such quantity, with one exception, he made deliveries to the well. In each of such instances plaintiff or his wife made out in duplicate an order or sales ticket that showed the date, quantity and price of oil delivered. The original of this order or ticket would be signed by one of defendant's agents or workmen at the well, when the fuel was delivered, and would be retained by plaintiff. The copy would be given to defendant or the person who signed the original. The rule was that when the book containing the signed original was returned to plaintiff, the original was torn therefrom and placed in an alphabetical file. When defendant paid for the oil this original order or ticket would be taken from the file, receipted by plaintiff or his wife, and delivered to defendant. Thereafter, plaintiff would have no record of the sale.
On or about December 27th defendant called at plaintiff's place of business and then, it was thought by him and plaintiff's wife, he paid in full all he was due plaintiff for oil; in fact, he paid $20.16 more than the amount of tickets in the file, which were receipted and delivered to him. However, it was subsequently discovered by plaintiff's wife that one ticket for 50 barrels, carrying a charge of $80.80, had not been removed from the ticket book and placed in the file. Defendant was promptly advised of this oversight and, as a witness, does not deny this. *Page 700 
The only documentary evidence introduced by defendant to support the plea of payment is his cancelled check in plaintiff's favor, for $161.60, dated January 1, 1944, on the face of which appears: "For 2 load oil."
At that time, according to the record of sales sued on, excepting the ticket that had not been put in the file, above referred to, defendant owed for only 32 barrels of oil or the sum of $51.20, against which there was a credit of $20.16. The record does not definitely disclose the fact but a strong presumption arises that in view of the method of business transactions between the parties this check was intended to pay for oil delivered after December 28th, the date the 32 barrels were delivered, and the date of the check. Surely a check for this amount would not have been given to plaintiff unless it was known that there was due him a much larger amount than the small balance above mentioned. In addition, the notation on the check calls for two loads, equal to 100 barrels, and, of course, it cannot be said that the check was intended to pay for the two loads that were thereafter delivered on January 5th and January 10th. Defendant does not so testify. He did not positively testify that he had paid the price of all oil for which he was sued. When asked if he owed plaintiff any amount for oil, he answered: "I don't think so".
In the motion for bill of particulars, of the information sought to be procured from plaintiff is the following: "Payments made by Mrs. E.T. Oakes, wife of your defendant, to Mrs. J.L. White, wife of plaintiff, from December 15, 1943, through the month of January, 1944". Mrs. Oakes was not introduced as a witness. Presumably, had she made any payment in January it would have been for the sale on the 5th and/or 10th of that month, as these are the only sales made during that month, and had she done this, her testimony, it seems to us, would have been introduced.
This case resolves itself into a simple legal proposition. Defendant admits purchasing the oil for which he is sued and pleads that he has paid for same. He does not positively testify that such payment has been made by him, whereas plaintiff and his wife testified positively that payment had not been made for the oil. To support this position they point to the fact that they are in possession of the signed sales tickets or orders, when, under the method of business dealings with defendant, had the charges been paid, these tickets or orders would be in defendant's possession. There is force in this contention.
Defendant strenuously argues that after the check of $161.60 was introduced in evidence the burden of showing for what oil it paid shifted to plaintiff, and the failure by him in rebuttal to adduce such proof creates a presumption that the check was given and received as a payment for oil for which sued. We do not agree with this line of reasoning. Defendant, of all persons, should know for what oil the check was issued to pay.
[3] We are convinced that the lower court correctly decided this case, and, for the reasons herein assigned, the judgment from which appealed, is affirmed with costs.
KENNON, J., absent.