251 So.2d 455 (1971)
PREFERRED INVESTMENT CORPORATION
v.
Bobby Gene DENSON, Jr.
No. 8428.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
*456 Frans J. Labranche, Jr., of Connolly, Nowalsky, Lambert & Labranche, New Orleans, Edmond J. Connely, Houma, for appellant.
Ernest Kelly, Houma, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
This is an appeal by plaintiff, Preferred Investment Corporation, from a judgment dismissing its suit against defendant, Bobby Gene Denson, Sr., on a promissory note. The trial judge rendered Written Reasons for Judgment, wherein he indicated that the reasons for dismissing plaintiff's suit were twofold: (1) the failure of plaintiff to prove it was the "true owner" or "bona fide holder" of the note sued on; and (2) the failure of plaintiff to prove that there was any balance due by defendant on the note. We reverse.
Defendant admitted at the trial that he executed the note sued on, which is a discount note in the principal sum of $3,033.36, dated June 10, 1966, made payable to the order of the designated payee therein, "Independent Dealers Association, Inc." The trial judge based his decision with regard to point (1) above on the fact that the note bears no endorsement. From this the trial judge reasoned that inasmuch as the note constitutes order paper, as distinguished from bearer paper, plaintiff could *457 not be classified as a holder as that term is defined in LSA-R.S. 7:191.[1]
At the trial plaintiff sought to prove its ownership of the note sued on by virtue of an act of assignment from the payee designated in the note (assignor) to plaintiff (assignee). The trial court sustained defendant's objection to the introduction of a copy of the act of assignment with attached schedules, which were certified by the notary before whom the act of assignment was executed, and which instruments were also identified by plaintiff's attorney, who testified at the trial that he was a witness to the execution thereof. These instruments are contained in the record as a proffer of evidence.
In refusing to admit into evidence the act of assignment certified by the Orleans Parish Notary Public, the trial judge erred. The certified true copy of a notarial act by the notary who is the depositary of the original constitutes due proof of what is contained in the original, unless it be proved that the copy is incorrect, Louisiana Civil Code Article 2268.
The evidence clearly establishes plaintiff's right to institute this suit on the note admittedly executed by the defendant. While the absence of the endorsement may preclude plaintiff's being a holder of the note, the evidence, nevertheless, clearly shows that plaintiff was the transferee of the note, and as such enjoyed all of the rights which the transferer had. This is specifically provided in LSA-R.S. 7:49, relative to the transfer without endorsement of an instrument payable to order, as follows:
"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But for the purposes of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."
As transferee or assignee, plaintiff alone was the real party in interest and the proper party plaintiff to institute this suit on the note, Louisiana Code of Civil Procedure Articles 681, 698.
It is not necessary that a note payable to the order of a designated payee be endorsed by the payee in order for a transferee or assignee to have a cause of action, Maddox v. Robbert, 165 La. 694, 115 So. 905, 906 (1928); Delta Loan Company v. Riley, 199 So. 671, 672 (La.App.Orl.1941); Equipment Finance Corporation v. Atkins, 19 La.App. 834, 139 So. 154, 155 (2nd Cir. 1932).
The trial court also erred in holding that plaintiff failed to prove that any balance was due on the note admittedly executed by the defendant. Plaintiff alleged that defendant had made payments in the sum of $480 applied to the principal, thus leaving a principal balance of $2,553.36.
Essentially, the trial court held that plaintiff had to prove what balance defendant owed on the note sued on, rather than requiring defendant to carry the burden of proving the affirmative defense of payment, as evidenced by the following excerpt from the Reasons for Judgment:
"* * * Additionally, the Court believes that there is no question but what the plaintiff has failed completely to show that there is any balance due whatsoever on this note. The only testimony *458 with reference to the balance allegedly due on the note offered by plaintiff was in the form of the ledger card previously mentioned herein, which is not in the record and which was excluded from the record after a timely objection was made to its introduction. There is no other evidence in the record whatsoever which establishes any balance due on the note. The Court will therefore dismiss plaintiff's petition at their cost by reason of their [sic] failure to bear the burden of proof." (Written Reasons for Judgment, Record, p. 58)
Payment is an affirmative defense; it must be specially pleaded, and the burden of proving it rests upon the defendant or the party claiming the benefit of payment either in whole or in part, Louisiana Code of Civil Procedure Article 1005; Fontenot v. Liberty Mutual Insurance Company, 230 So.2d 402 (La.App.3rd Cir. 1970); White v. Oakes, 33 So.2d 698 (La.App.2nd Cir. 1948); Guidry v. Foolkes, 13 So.2d 540 (La.App.1st Cir. 1943). Accordingly, since plaintiff was in possession of the note and had alleged an unpaid balance owed thereon by defendant-maker, it was not incumbent upon plaintiff to prove the balance owed on the note, and the burden was instead upon defendant to plead and prove the defense of payment. The record shows that defendant failed to carry this burden. Indeed, when questioned about the correctness of the alleged balance, defendant testified that the amount claimed was, as far as he knew, essentially correct. (Record, pp. 70, 71)
Defendant coupled with his answer a reconventional demand, which reconventional demand was dismissed by the trial court. Defendant-reconvener did not appeal from this judgment dismissing the reconventional demand, nor did he answer plaintiff's appeal. The reconventional demand is, accordingly, no longer at issue as the judgment dismissing the reconventional demand has become definitive. Defendant-reconvener cannot now seek relief under the reconventional demand by argument presented in brief in the absence of either an appeal taken by defendant-reconvener or an answer to plaintiff's appeal, Thibodaux v. Potomac Insurance Company, 201 So.2d 159 (La.App.1st Cir. 1967).
Assuming, arguendo, that the allegations made by defendant-reconvener in his reconventional demand concerning usury, absence of consideration, failure of consideration and fraud are considered allegations of affirmative defenses to plaintiff's suit, as well as allegations of the reconventional demand, it suffices to say that all of these allegations constitute affirmative defenses the burden of proof of which rests upon defendant, Louisiana Code of Civil Procedure Article 1005; All State Credit Plan Jefferson, Inc. v. Daniels, 239 So.2d 470 (La.App.4th Cir. 1970), writ refused, 256 La. 1159, 241 So.2d 256. Our review of the record shows that defendant has failed to carry the requisite burden of proving any of these affirmative defenses.
The record shows that defendant borrowed the sum of $1,700 from plaintiff's assignor, Independent Dealers Association, Inc., in order to purchase capital stock of said corporation, in consideration for which loan defendant executed the discount promissory note sued on in the sum of $3,033.36. The record reflects, accordingly, defendant's failure to prove either absence of consideration or failure of consideration. Defendant acquired the stock which he purchased, and by his own testimony he is the holder of certificates representing capital stock of plaintiff corporation which was given in exchange for capital stock of plaintiff's assignor. The record further reflects that defendant has failed to prove his allegations of fraud which would be imputable to plaintiff by the requisite clear and convincing evidence.
*459 The discount promissory note per se is not subject to a supportable defense of usury, Clasen v. Excel Finance Causeway, Inc., 170 So.2d 924 (La.App.4th Cir. 1965), writ refused, 247 La. 619, 172 So.2d 702.
Inasmuch as plaintiff accelerated the discounted note, however, defendant is entitled to credit for unearned finance charges, Associates Discount Corporation v. Solar, 209 So.2d 127 (La.App.1st Cir. 1968). The record shows that the discount incorporated in the note amounts to $1,333.36. Inasmuch as the note contemplated the earning of this discount over a thirty-six month period, the earned monthly discount amounts to $37.04. The note was accelerated, however, by plaintiff with the filing of the suit on April 16, 1968, or fourteen months before the scheduled maturity date of the note in question. Defendant is, therefore, entitled to a rebate of unearned discount in the sum of $518.56 (representing fourteen months of unearned discount at the rate of $37.04 per month). Deducting this sum from the balance sued on leaves a principal balance of $2,034.80. The note provides for interest at the rate of eight percent per annum from maturity, which by virtue of the filing of suit and the acceleration of the note commences on April 16, 1968, see Associates Discount Corporation v. Solar, cited supra.
For the foregoing reasons, the judgment of the trial court is reversed, and the judgment is rendered in favor of the plaintiff, Preferred Investment Corporation, and against defendant, Bobby Gene Denson, Sr., in the sum of $2,034.80, with interest thereon at the rate of eight percent per annum from maturity (April 16, 1968) until paid, together with attorney's fees at the rate of twenty percent of principal and interest due. Defendant is assessed with all costs of these proceedings.
Reversed and rendered.
NOTES
[1] R.S. 7:191 provides, inter alia, the following:

"In this Chapter [Chapter 1, Negotable Instruments Law] unless the context otherwise requires: * * *
`Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."